396 F.2d 794
 George SAUNDERS, Lacy L. Wilkinson and Grant Kindwall, Appellants,
v.
The GREAT WESTERN SUGAR COMPANY, Great Western United
Corporation, and the Colorado Milling & Elevator
Company, Appellees.
 No. 10107.
 United States Court of Appeals Tenth Circuit.
 May 24, 1968.
 
 Michael C. Farrar, Atty., Department of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., Lawrence M. Henry, U.S. Atty., Thomas C. Seawell, Asst. U.S. Atty., and Alan S. Rosenthal, Atty., Department of Justice, on the brief), for appellants.
 Thomas S. Nichols, Denver, Colo. (Davis, Graham & Stubbs, Denver, Colo., Predovich & Ward, Pueblo, Colo., and M. B. Holt, Jr., Denver, Colo., and White & Case, New York City, of counsel, on the brief), for appellees.
 Hugh A. Burns, Denver, Colo., for National Sugar Mfg. Co.
 Before MURRAH, Chief Judge, and BREITENSTEIN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The appellants, local officials of the Small Business Administration (SBA), appeal from a May 15, 1968, order of the United States District Court for the District of Colorado which was entered under Rule 37, F.R.Civ.P., and which compels them to respond to subpoenas duces tecum issued by that court. We granted a temporary stay so that a full hearing could be had. The order is appealble under our decision in Covey Oil Co. v. Continental Oil Co., 10 Cir., 340 F.2d 993, cert. denied 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155.
 
 
 2
 SBA is an agency of the United States Government. Its officals say that under agency regulations they may not disclose information or produce documents without authorization from the Assistant Administrator for Administration of the agency and that such authorization has been withheld. The statute establishing SBA empowers the Administrator to 'make such rules and regulations as he deems necessary to carry out the authority vested in him.' 15 U.S.C. 634(b)(6). Pursuant thereto regulations were promulgated to govern 'Disclosure of Information.' See 13 C.F.R. 102.1-102.7. Section 102.7 provides in part that when a subpoena is issued against an SBA officer or employee, he shall advise the Assistant Administrator and that if such officer does not authorize disclosure, 'the employee shall respectfully decline to disclose the information or produce the files, documents and records demanded or requested, basing such refusal on this part.' Here the disclosure was not authorized.
 
 
 3
 The SBA officials rely on Boske v. Comingore, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846, and United States ex rel. Touhy v. Ragen, 340 U.S. 462, 469, 71 S.Ct. 416, 95 L.Ed. 417. In Boske the Court upheld regulations of the Secretary of the Treasury relating to the disclosure of information and in Touhy it gave effect to comparable regulations of the Attorney General.
 
 
 4
 The appellees seeking the disclosure rely on our decision in Sperandeo v. Milk Drivers and Dairy Employees Local Union No. 537, 10 Cir., 334 F.2d 381. Sperandeo is distinguishable from the case at bar because there the governmental agency brought suit seeking judicial action and then refused to disclose. Here the SBA and its officials are not parties to the antitrust suit in the district court in which the disclosure is sought.
 
 
 5
 The requirement on litigants to proceed only in the District of Columbia to obtain relief from agency action denying disclosure is a hardship. We see no reason why the claim of governmental privilege may not be determined as satisfactorily in a federal court removed from the District of Columbia as in a court that is there located. Be that as it may, the congressional action in granting jurisdiction over federal officials in the district courts in civil actions, 28 U.S.C. 1361, 1391(e), has not been extended to situations such as we have before us. We are bound by Touhy and Boske.
 
 
 6
 The defendants in the antitrust litigation assert that the requested information is relevant and important to them. The plaintiff in that litigation concedes relevancy but says that the information will be cumulative. In the circumstances the defendants are entitled to disclosure unless governmental privilege forbids. Some remedy must be afforded. We interrogated at length the attorney for the government whether the proper SBA official, if subpoenaed in the District of Columbia, would defend on any ground other than privilege and received the positive assurance that he would not. This answer satisfies the question raised by Justice Frankfurter in his concurring opinion in Touhy. See 340 U.S. 470, 472, 71 S.Ct. 416. We assume that the proper SBA official in the District of Columbia can be reached by legal process and that the claim of privilege can be promptly determined there.
 
 
 7
 In our opinion no further argument is required on the issues presented. The May 15, 1968, order of the district court, entered on the docket of that court on May 17, 1968, is set aside and held for naught. The stay heretofore granted is vacated.