Inalouise **CATES** et al., Plaintiffs-Appellees,

v.

**LTV AEROSPACE CORPORATION** et al., Defendants.

Department of the Navy, Defendant-Appellant.

No. 72–2954.

United States Court of Appeals, Fifth Circuit.

June 26, 1973.

Frank D. McCown, U. S. Atty., Dallas, Tex., for defendant-appellant.

J. Carlisle DeHay, Jr., Dallas, Tex., for LTV.

H. Dudley Chambers, Dallas, Tex., for McDonnell.

Robert M. Greenberg, Dallas, Tex., Walter H. Fleischer, William D. Appler, Dept. of Justice, Washington, D. C., for Goodyear.

James C. Barber, Dallas, Tex., John E. Collins, Irving, Tex., for plaintiffs-appellees.

Before BELL, INGRAHAM and RONEY, Circuit Judges.

BELL, Circuit Judge:

■ This case involves the validity of an order which required the Department of the Navy to produce an Aircraft Accident Report relating to the crash of a Navy plane in Okinawa. We are asked to determine on this appeal a question of first impression: whether F.R.Civ.P. 30(b)(6)[1] can be used to obtain documents in custody of the head of a nonparty government agency in Washington, D. C. by service of a subpoena duces tecum upon a local representative of the agency in Dallas, Texas. We conclude that it cannot be so used.

The proceedings which led to the lower court's discovery order began when the widow and son of a Navy pilot, killed in the Okinawa plane crash, sued three private companies which manufactured the plane and certain of its parts. The Navy was not made a party to the lawsuit.

Plaintiffs attempted to obtain the Aircraft Accident Report through notice under Rule 30(b)(6), and a subpoena to which was attached a list of documents to be produced, in effect a subpoena duces tecum, directed to the Department of the Navy, but served upon the Commanding Officer of the Dallas Naval Air Station. The notice required the Department of the Navy to designate someone to appear for the taking of a deposition on April 3, 1972. The Aircraft Accident Report, which gives rise to the central issue, was one of the documents sought under the subpoena duces tecum.

In addition to the notice and subpoena directed to the Department of the Navy, a notice and the same request for documents were served upon the Navy plant representative at LTV Aerospace Corporation in Grand Prairie, Texas. (LTV was a defendant in the suit.)

On April 3 the Navy plant representative appeared but testified that he had no knowledge of the crash of the aircraft.[2] A United States attorney appeared to present the Navy's position, that F.R.Civ.P. 30(b)(6) could not be used to obtain the documents requested by plaintiffs.

Following the Navy's failure to designate and produce documents, plaintiffs filed a motion requesting that the Navy be ordered to designate a person to testify to matters known or reasonably available to the Navy pursuant to Rule 30(b)(6). The Navy responded, again objecting to the procedure followed by plaintiffs, and asserting that a subpoena

1. Rule 30(b)(6) provides that "[a] 'party' may in his notice and in a subpoena name as the deponent . . . [a] governmental agency and describe with reasonable particularity the matters on which examination is requested. . . . the organization so named shall designate one or more officers . . . or other persons who consent to testify on its behalf. . . . The persons so designated shall testify as to matters known or reasonably available to the organization."

2. The role of this representative is not in issue on this appeal.

duces tecum must be directed to the person who has custody of the documents or in this case the Secretary of the Navy in Washington, D. C. Plaintiffs then filed an additional motion to compel discovery of the documents requested, including the Aircraft Accident Report.

On May 17, 1972 the district court found that the Navy had refused to designate a person to testify and had refused to comply with the subpoena duces tecum. Apparently rejecting the Navy's objections to the procedure, the court granted plaintiffs' motion to compel the discovery and ordered that the documents sought, including the Aircraft Accident Report, be produced.

On July 25, 1972 in a "Motion for Reconsideration" the Secretary of the Navy raised the doctrine of executive privilege and sought to have the court reverse its order. By this time, only the Aircraft Accident Report was involved. The court found that the claim of executive privilege came too late, and refused to change its previous ruling. This appeal followed.

For purposes of clarity, it is to be remembered that the real controversy was over the production of documents. However, the failure of the Navy to designate a person to testify is intermixed in that, and as will be seen, the Navy was in clear error in not so designating. This, however, is a peripheral question separate and apart from the issue of using Rule 30(b)(6) to obtain documents from a non-party where the documents are outside the jurisdiction of the court.

### I.

■■■ Initially it should be noted that discovery orders are generally not appealable. See 8 Wright and Miller, Federal Practice and Procedure: Civil § 2006 (1970). However, discovery orders may be appealable when an executive privilege is involved and the executive or governmental agency is not a party to the lawsuit. Carr v. Monroe Manufacturing Co., 5 Cir., 1970, 431 F.2d 384, 387; Caswell v. Manhattan Fire & Marine Ins. Co., 5 Cir., 1968, 399 F.2d 417, 422; Overby v. United States Fidelity & Guaranty Co., 5 Cir., 1955, 224 F.2d 158, 162. The theory of allowing an appeal rests on the proposition that forced disclosure would irretrievably breach the claim of privilege and render an appeal from final judgment meaningless; hence, the exception. We hold that the order to produce the Aircraft Accident Report is appealable because of the claim of executive privilege. Given this conclusion, we proceed to an examination of the entire proceedings relating to the effort to obtain the Aircraft Accident Report.

### II.

We consider first the question of the reach of Rule 30(b)(6) in combination with a subpoena duces tecum. This requires an in pari materia consideration of Rule 45(d)(2), which ordinarily fixes the territorial limits of deposition subpoenas.

The subpoena duces tecum here was directed to the "Department of the Navy" but served upon the Commanding Officer of the Dallas Naval Air Station. The executive head of the Department of the Navy is located in Washington, D. C. The plane crash occurred in Okinawa. The Aircraft Accident Report was located at the Naval Safety Center in Norfolk, Virginia. There was no connection between the Commanding Officer of the Dallas Air Station and the plane crash or the accident report.

The documents in question were in the custody of the Secretary of the Navy in Washington, D. C. although located at Norfolk. The applicable Naval Regulations[3] require a discovering par-

---

3. 32 C.F.R. § 720.30(a) provides that litigants seeking unclassified Naval records should send a copy of a court order calling for their production to the Secretary of the Navy or other custodian of the rec-

ords. 32 C.F.R. § 720.31(a) covering production of Naval records in absence of a court order requires a party to obtain approval of the Secretary of the Navy or the Judge Advocate General be-

ty to seek the Aircraft Accident Report from the Secretary. These regulations, requiring personal service on a departmental head, are designed to centralize the determination of whether a subpoena duces tecum will be obeyed or challenged on the grounds of privilege. See United States ex rel. Touhy v. Ragen, 1951, 340 U.S. 462, 468, 71 S.Ct. 416, 95 L.Ed. 417; Boske v. Comingore, 1900, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; Saunders v. Great Western Sugar Co., 10 Cir., 1968, 396 F.2d 794. Cf. Machin v. Zuckert, 1963, 114 U.S.App.D.C. 335, 316 F.2d 336. (Suit brought in New York involving an Air Force plane crash-subpoena duces tecum seeking accident report was served upon Secretary of Air Force in Washington, D. C.)

This type of regulation is adverted to by Professors Wright and Miller:

" . . . in private litigation, to which the government is not a party, it is apparently still necessary to seek the documents from the head of the department rather than from a subordinate if the regulations so provide". 8 Wright and Miller, Federal Practice and Procedure Civil § 2019, p. 166.

Plaintiffs argue that service on the Department Secretary is no longer necessary if the Rule 30(b)(6) procedure is followed. Plaintiffs also contend that under Rule 30(b)(6), a person designated by an agency may be required to attend a deposition and produce documents in a foreign judicial district despite the requirements of F.R.Civ.P. 45(d)(2).[4]

We find no indication either in the language of Rule 30(b)(6) or in the Advisory Committee Notes, that the rule can be used to require a non-party to produce in one judicial district documents in the custody of the head of the organization located in another judicial district. Rule 30(b)(6) was designed as an optional discovery device to supplement "the existing practice whereby the examining party designates the corporate [or agency] official to be deposed." Advisory Committee Notes to Rule 30(b)(6), 48 F.R.D. at 515. The purposes of the amendment were stated as (1) reducing the difficulty in determining whether a person deposed is a managing agent, (2) curbing the "bandying" by which various officers of a corporation are deposed, in turn, but each disclaims knowledge of facts that are clearly known by someone in the organization, (3) protecting the corporation or agency by eliminating unnecessary and unproductive depositions. Advisory Committee Notes to Rule 30(b)(6), 48 F.R.D. at 515.

We find nothing in Rule 30(b)(6) which would vest a court issuing a subpoena with the power to require that documents, in the custody or control of the head of an agency located outside the judicial district, be brought into the judicial district. Similarly, a person designated by an organization pursuant to Rule 30(b)(6) could not be required to travel outside of the limits imposed by Rule 45(d)(2). In short, Rule 30(b)(6) provides a procedure to use in determining the proper person to depose. It does not deal with the issue of where the deposition is to be taken or where documents are to be produced. This is reserved to Rule 45(d)(2). We therefore conclude that Rule 30(b)(6) cannot be used to require the production

---

fore findings of fact, opinions, or recommendations are released outside the Navy Department.

4. Fed.R.Civ.P. 45(d)(2), fixes the territorial limits of a subpoena for taking depositions as follows: "A resident of the district in which the deposition is to be taken may be required to attend an examination only in the county wherein he resides or is employed or transacts his business in person, or at such other convenient place as is fixed by an order of court. A nonresident of the district may be required to attend only in the county wherein he is served with a subpoena, or within 40 miles from the place of service, or at such other convenient place as is fixed by an order of court."

of the Aircraft Accident Report in Dallas.[5]

Moreover, there is authority that under traditional notions of power and jurisdiction, a court cannot order production of records in the custody and control of a non-party located in a foreign judicial district. See Chessman v. Teets, 9 Cir., 1956, 239 F.2d 205, 213; Elder-Beerman Stores Corp. v. Federated Dept. Stores, Inc., S.D.N.Y., 1968, 45 F.R.D. 515, 518.

### III.

This leaves for decision the question whether the Navy improperly refused, under Rule 30(b)(6), to designate a person to testify at the deposition. The Navy failed and refused to designate at a time when it appeared that a witness was to be deposed in fact. It is now evident, of course, that deposition testimony was not really desired.

Ordinarily, under these circumstances, no issue would be presented in this regard but here the failure and refusal on the part of the Navy gave rise to the related motions in the district court (1) for an order compelling designation and (2) for an order compelling production. The district court ordered production of the documents and that a person be designated to testify should it become necessary.

■ Rule 30(b)(6) required the designation and this part of the order of the court was correct. The order to designate is extant pending a further request by plaintiffs that a witness be designated.

At this point, rather than produce the Aircraft Accident Report, the Navy asserted the claim of privilege. The district court seems to have proceeded thereafter in rejecting the claim of privilege on the theory that the order to produce was a sanction, thus giving the court power to order production.

Such a theory is without basis in law. F.R.Civ.P. 37(a)(2) provides that if a

" . . . corporation or other entity fails to make a designation under Rule 30(b)(6) . . . the discovering party may move for an order compelling . . . a designation . . . ". Thus, the court was empowered to enter an order compelling the Navy to designate. On the other hand, there was no authority to enter an order compelling production of the documents requested.

In any event, no sanction could be imposed absent a failure and refusal to comply with the court order. Rule 37, F.R.Civ.P. See 8 Wright and Miller, Federal Practice and Procedure Civil § 2289 (1970). It was at this point that the Navy claimed privilege with respect to the Aircraft Accident Report. There was never a refusal to comply with the order to designate.

The Navy does not contest that part of the order requiring designation. That part of the order requiring production of the Aircraft Accident Report is reversed. In view of our holding on the production issue, we find it unnecessary to reach the question of privilege.

Reversed and remanded for further proceedings not inconsistent herewith.

---

5. The restriction of Rule 45(d)(2) as to non-parties is to be distinguished from the use of Rule 34, F.R.Civ.P., to require the production of documents by a party.