**Jeanette SMITH, Plaintiff,**

v.

**C.R.C. BUILDERS CO., INC., and Glover Brick, Inc., Defendants.**

Civ. A. No. 82–F–2120.

United States District Court, D. Colorado.

March 3, 1983.

Francis Jean Pottick, Boulder, Colo., for plaintiff.

Daniel M. Fowler, Denver, Colo., for defendant C.R.C. Builders Co., Inc.

Harry G. Titcombe, Jr., Denver, Colo., for defendant Glover Brick, Inc.

**ORDER GRANTING MOTION TO QUASH AND GRANTING MOTION TO REMAND**

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER is before the Court on a Motion to Quash filed on behalf of federal petitioner Manuel Ypsilantes. Mr. Ypsilantes is the Safety Supervisor for the Denver area Office of the Occupational Safety and Health Administration ("OSHA"), Unit-

ed States Department of Labor ("DOL"). This action was initially brought in the District Court in and for the County of Arapahoe, State of Colorado, to recover damages for the death of Plaintiff's husband. *See Smith v. C.R.C. Builders Co., Inc., et al.,* Case No. 82–CV–770. In preparation of the State action, Plaintiff sought to discover from the federal petitioner the contents of an investigative file compiled by OSHA in its investigation into the circumstances of Mr. Smith's death at a work site. Mr. Ypsilantes is currently in possession of the subject investigation file.

Certain portions of the file were made available to Plaintiff upon her request. The remainder of the file was not released, however, on the grounds of an informer's privilege and investigative privilege asserted by OSHA. Mr. Ypsilantes failed to comply with a subpoena duces tecum served on him by Plaintiff for the production of the file. This refusal was at the direction of the Deputy Solicitor of Regional Operations, DOL, Ronald G. Whiting. Arapahoe County District Judge Thomas C. Levi ordered Mr. Ypsilantes to answer the subpoena duces tecum in full by September 28, 1982. When he failed to comply with this Court order, Mr. Ypsilantes was issued a contempt citation by Judge Levi on November 12, 1982.

■ Pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1), Mr. Ypsilantes removed the contempt citation to this Court. Section 1441 is the general removal section, while section 1442(a)(1) allows for the removal to federal court any civil or criminal action commenced against an officer of the United States. The removal of contempt proceedings is supported by the case law. *See, e.g., State v. Schaffer,* 565 F.2d 961 (7th Cir.1977); *State v. Carr,* 386 F.2d 129 (4th Cir.1967). We find this Court's jurisdiction to be properly invoked in this case to consider the limited question of Mr. Ypsilantes' Motion to Quash the subpoena duces tecum served on him by Plaintiff.

Mr. Ypsilantes' Motion to Quash is based on the requirements of 29 C.F.R. § 2.22 (1983), promulgated by the DOL. Section 2.22 provides:

In terms of instructing an employee or former employee of the manner in which to respond to a demand, the Associate Solicitor, Regional Solicitor, or Associate Regional Solicitor, whichever is applicable, shall follow the instructions of the appropriate Deputy Solicitor of Labor. *No employee or former employee of the Department of Labor shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department, or disclose any information relating to material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of his official duties or because of his official status without approval of the appropriate Deputy Solicitor of Labor.*

29 C.F.R. § 2.22 (1983) (emphasis supplied). This regulation was promulgated in its present form by the DOL in 1981 in order to establish a uniform policy within the Department for responding to the growing numbers of subpoenas being served on DOL employees. *See* 46 FED.REG. 49542 (October 6, 1981). It mimics in many respects other office "housekeeping" regulations promulgated under the authority of 5 U.S.C. § 301 (1980), by various other governmental agencies or Departments.

The Supreme Court has in the past given effect to similar regulations promulgated by the Secretary of the Treasury, *Boske v. Comingore,* 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846 (1900), and the United States Attorney General, *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). In *Touhy,* the Supreme Court considered whether a subordinate official of the Department of Justice could refuse to obey a subpoena duces tecum ordering production of papers of the Department in his possession. The official's refusal was grounded on a regulation issued by the Attorney General very similar to the one involved in this case. The authority for the regulation in *Touhy* was 5 U.S.C. § 22, the predecessor section to 5

U.S.C. § 301. The Supreme Court in *Touhy* held that the Attorney General could validly withdraw from his subordinates the power to release department papers and that the official could properly refuse to produce those papers pursuant to a subpoena duces tecum. *Touhy*, 340 U.S. at 467–68, 71 S.Ct. at 418–19.

■ Plaintiff argues that *Touhy* is outdated and no longer the law in light of a post-*Touhy* amendment to 5 U.S.C. § 22. In 1958, Congress amended § 22 (now § 301) to add the following sentence: "This section does not authorize withholding information from the public or limiting the availability of records to the public." [72 Stat. 547]. The purpose of the amendment was to correct an evolving situation whereby the statute had "... been twisted from its original purpose as a 'housekeeping' statute into a claim of authority to keep information from the public and, even, from the Congress." 2 U.S.Code Cong. & Admin.News 3352 (1958). Plaintiff contends that the only substantive provision which might allow nondisclosure of this OSHA investigation file is the exemption provided under the Freedom of Information Act, 5 U.S.C. § 552(b) (1980). Plaintiff further contends that neither Mr. Ypsilantes nor the DOL has met its burden to state explicitly which exemptions under the Freedom of Information Act they are asserting as grounds for not complying with the subpoena duces tecum.

Plaintiff has misinterpreted the significance of this 1958 amendment to section 301 as it relates to the issue before the Court on Mr. Ypsilantes' Motion to Quash. It is true that this amendment made it clear that "housekeeping" regulations promulgated under section 301 did not, of themselves, create a privilege against disclosure of information under the Freedom of Information Act. *See Marcoux v. Mid-States Livestock*, 66 F.R.D. 573, 576 (W.D.Mo. 1975). What the amendment did *not* do, however, is alter the long-established rule that a superior government official could withdraw from his subordinates the power to release government documents. In this respect, the Supreme Court's holdings in *Boske* and *Touhy* remain the controlling law.

The United States Court of Appeals for the Tenth Circuit has recognized the continuing vitality of *Boske* and *Touhy* in several post-1958 cases. In *United States Steel Corporation v. Mattingly*, 663 F.2d 68 (10th Cir.1980), the Tenth Circuit reversed a District Court order compelling enforcement of a subpoena against an employee of the United States Bureau of Standards. The Court based its reversal on *Touhy*. *United States Steel Corporation*, 663 F.2d at 68. In *Saunders v. Great Western Sugar Company*, 396 F.2d 794 (10th Cir.1968), the Tenth Circuit reviewed a "housekeeping" regulation promulgated by the Small Business Administration similar in impact to the regulation before this Court. While noting that a requirement that the litigants proceed against the proper SBA official in the District of Columbia might prove a hardship, the Court in *Saunders* nevertheless held that it was "bound by *Touhy* and *Boske*." *Saunders*, 396 F.2d at 795. Other courts have relied on *Touhy* to uphold similar regulations. *See, e.g., United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir.1982), *cert. denied*, 459 U.S. 973, 103 S.Ct. 305, 74 L.Ed.2d 286 (1982); *United States v. Allen*, 554 F.2d 398, 406 (10th Cir.1977), *cert. denied*, 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977); *Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 623 (5th Cir.1973); *Committee for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788, 793 (D.C.Cir.1971).

■ The only question before this Court is whether Mr. Ypsilantes has the power to release the records sought by Plaintiff's subpoena duces tecum. Under the specific circumstances of this case, Mr. Ypsilantes does not have such power in the absence of the approval of a Deputy Solicitor of the DOL. Section 2.22 of the DOL regulations has the force and effect of law. Mr. Ypsilantes can neither be compelled to disobey a direct order from his superior, Ronald G. Whiting, nor punished for his adherence to the mandate of section 2.22 of the DOL

regulations. *See Marcoux,* 66 F.R.D. at 579.

Section 2.22 does not create an exemption from discovery under the Freedom of Information Act. Nor does it "preempt" the provisions of Rule 45 of the Colorado Rules of Civil Procedure. Section 2.22 simply regulates the manner in which discovery requests made on DOL employees are handled to ensure more consistent treatment. Litigants, whether they are in state or federal court, are bound to follow the procedure contemplated by section 2.22 in seeking DOL documents. They may not subpoena DOL employees without the approval of the employees' superiors. Since Mr. Ypsilantes has been denied authority to release the file in question here, the only recourse available to Plaintiff is to procure service of the subpoena duces tecum upon the appropriate DOL official, most likely Mr. Whiting.

The DOL may still wish to withhold its approval for Mr. Ypsilantes to release the entire investigative file. The propriety of any privilege asserted by the DOL is not presently before this Court. That question must be resolved by a court with jurisdiction over the DOL official asserting the privilege.

### ORDER

For the reasons stated above, Mr. Ypsilantes' Motion to Quash is GRANTED. Finding our jurisdiction limited to the resolution of this Motion, and finding further no additional bases for our assertion of jurisdiction over this matter, this action is hereby REMANDED to the District Court in and for the County of Arapahoe, State of Colorado, for further proceedings.