Carson Wayne NEWTON, aka Wayne Newton, Appellee,

v.

NATIONAL BROADCASTING COMPANY, INC., a Delaware corporation; RCA Corporation, a Delaware corporation; Brian Elliott Ross; Ira Silverman; Paul Greenberg; William Jack Small, Appellees,

State of Nevada, State Gaming Control Board & Nevada Gaming Commission, Movants/Appellants.

No. 83–1529.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1983.

Decided Feb. 24, 1984.

Dean P. Vernon, Gifford & Vernon, Morton R. Galane, Galane & Jimmerson, Las Vegas, Nev., Kenneth Kulzick, Lillick, McHose & Charles, Los Angeles, Cal., Paul Greenberg and William Jack Small, Broadcasting Co., Inc., Floyd Abrams, Cahill, Gordon & Reindel, New York City, for appellee.

James C. Giudici, Deputy Atty. Gen., Las Vegas, Nev., for movants/appellants.

David N. Webster, Earl C. Dudley, Jr., Nussbaum, Owen & Webster, Washington, D.C., for Brian Elliott Ross and Ira Silverman.

Before GOODWIN and ANDERSON, Circuit Judges, and RYMER*, District Judge.

PER CURIAM.

The Nevada State Gaming Control Board and Gaming Commission appeal from an order directing them to release certain of their records to Wayne Newton and the National Broadcasting Company for use in civil litigation.

On October 6, 1980, NBC Nightly News broadcast a report entitled "Wayne Newton and the Law" that focused on Newton's application for part ownership of the Aladdin Hotel and Casino in Las Vegas, Nevada. The broadcast emphasized Newton's relationship with Guido Penosi, an alleged organized crime figure. Newton sued NBC in the United States District Court for the District of Nevada, invoking the court's diversity jurisdiction and alleging defamation, civil conspiracy and infliction of emotional distress.

Newton and NBC jointly asked the district court for an order directing the Gaming Control Board and Gaming Commission to permit Newton and NBC to inspect and copy the Board and Commission files pertaining to Newton's application. Neither the Board nor the Commission are parties to the action between Newton and NBC. The district court confirmed a magistrate's order directing production over the objections of the Board and Commission that government privilege protect their files from disclosure. The Board and Commission now appeal to this court. The order has been stayed pending appeal.

The order directed to the Board and Commission is not in the form of a subpoena duces tecum, the usual means for discovery of documents from nonparties. See Fed.R. Civ.P. 45(b). Rather, the order purports to be issued under the authority of Nev.Rev. Stat. § 463.120.[1] In its memorandum decision, the district court stated that § 463.120 does not provide an independent basis for discovery from nonparties, but held that the Board and Commission had waived this point by appearing before the magistrate to request a protective order under Fed.R. Civ.P. 26(c). Because we hold that we do not have jurisdiction of this appeal, we do not address the question whether the order was properly issued.

With the exception of a narrow range of interlocutory orders set forth in 28 U.S.C. § 1292, this court's appellate jurisdiction extends only to final decisions of the district courts. 28 U.S.C. § 1291. The district court's order is not an injunction for which interlocutory review is available under 28 U.S.C. § 1292(a)(1), see United States v. Ryan, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), nor does it fall within any of the other classes of interlocutory orders reviewable under § 1292. The district court's order thus is reviewable only if it is a final decision within the meaning of § 1291.

■■■ Because of the strong policy against hearing appeals piecemeal during the course of a judicial proceeding, the general rule is that an order regarding discovery is not an appealable final order. United States v. Nixon, 418 U.S. 683, 690–91, 94 S.Ct. 3090, 3098–3099, 41 L.Ed.2d 1039 (1974); United States v. Ryan; Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686 (1906); David v. Hooker, Ltd., 560 F.2d 412 (9th Cir.1977). To gain appellate review of a discovery order, a nonparty generally must refuse to comply with the order and subject himself to contempt. Cobbledick, 309 U.S. at 327, 60 S.Ct. at 542; Alexander, 201 U.S. at 121, 26 S.Ct. at 357. The finding of contempt is a final order and may be appealed. Id.

---

* The Honorable Pamela A. Rymer, United States District Judge for the Central District of California, sitting by designation.

1. Nev.Rev.Stat. § 463.120(4) states that certain information and data obtained by the Gaming Control Board and Gaming Commission "are confidential and may be revealed in whole or in part only in the course of the necessary administration of this chapter or upon the lawful order of a court of competent jurisdiction...."

Requiring submission to contempt as a prerequisite to an appeal helps speed the judicial process by curtailing the number of appeals taken during the course of a litigation. As the Second Circuit explained in *National Super Spuds, Inc. v. New York Mercantile Exchange,* 591 F.2d 174, 180 (2d Cir.1979), "[b]oth sides benefit from having a second look." The risk that the contempt citation will not be overturned on appeal forces the person ordered to respond to consider carefully his resistance to discovery and encourages him to advance only well-founded objections. At the same time, the party seeking discovery may decide that the information sought is not important enough to warrant the costs and delays of obtaining a contempt citation and then justifying that citation upon the inevitable appeal. *Id.*

█ The rule, like most, is subject to several exceptions. For example, because it would be unseemly for a court to require the head of a coordinate branch of government to subject himself to contempt as a prerequisite for appeal, the Supreme Court permitted the President to appeal a district court's refusal to quash a subpoena duces tecum without his first being held in contempt. *United States v. Nixon.* An exception of more general applicability was developed in *Perlman v. United States,* 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918). In that case, a subpoena requested certain exhibits from a third party. The exhibits were the property of the appellant, who asserted a privilege against disclosure. The Court held that the appeal could proceed without a finding of contempt because it was unlikely that the third party would subject himself to a contempt citation simply to create for the person asserting the privilege a final order appealable under the general rule. *United States v. Nixon,* 418 U.S. at 691, 94 S.Ct. at 3099. *See, e.g., In re Grand Jury Proceeding (Schofield),* 721 F.2d 1221 (9th Cir.1983). The instant case

does not fall within either of these exceptions.

Appellants [2] ask us to create another exception to the rule of nonappealability. Specifically, they ask us to hold that a discovery order directed against a nonparty governmental entity is appealable in the absence of a contempt citation where the governmental entity raises a defense of governmental privilege. The Fifth Circuit has recognized such an exception and appellants claim that the Tenth Circuit has done so as well. We decline to follow those circuits and agree with the Second Circuit, which has refused to create the exception that appellants seek. *National Super Spuds.*

The Fifth Circuit held in *Carr v. Monroe Manufacturing Co.,* 431 F.2d 384, 387 (5th Cir.1970), that "discovery orders may be appealable where a government privilege is asserted and the government is not a party to the suit" and it reaffirmed this holding in *Cates v. LTV Aerospace Corp.,* 480 F.2d 620 (5th Cir.1973). We do not adopt the rule of *Carr* and *Cates* because the reasoning and authority offered to support it are unpersuasive.

Both cases state that a discovery order may irretrievably breach the asserted governmental privilege, 431 F.2d at 387, 480 F.2d at 622, suggesting that if appellate review is delayed the privilege may be lost altogether. But this consideration is not unique to cases involving the government, and so does not justify the creation of a special exception for governmental entities. Any evidentiary privilege, whether asserted by the government or by a private party, is liable to being irretrievably breached once the material for which the privilege is claimed has been disclosed, yet a contempt citation generally is a prerequisite to appeal for anyone raising a claim of privilege. Furthermore, concern about breach of evidentiary privileges is beside the point, because the contempt prerequisite does not require the person resisting discovery to

**2.** NBC also argues that the district court's order is appealable; only Newton argues that it is

not.

disclose the material in question. *Refusal to disclose is exactly what leads to the appealable contempt citation.*

*Carr* also suggests that waiver of the contempt prerequisite is justified because the government, when not a party to the underlying action, cannot obtain review of its objection to discovery by appealing from a final judgment in the underlying action. 431 F.2d at 387. But neither can any other stranger to an action appeal from a final judgment, so the government can make no claim for a special exception. In any event, the contempt requirement does not prevent a nonparty from obtaining appellate review of its claims, because a nonparty may appeal from a civil contempt citation before final judgment. 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 110.13[4] at 167 (2d ed. 1983).

Finally, the authorities cited by *Carr* and *Cates* in support of their rule—*Caswell v. Manhattan Fire & Marine Insurance Co.,* 399 F.2d 417 (5th Cir.1968), and *Overby v. United States Fidelity & Guaranty Co.,* 224 F.2d 158 (5th Cir.1955)—are inapposite. In *Overby* the information for which the government asserted a privilege was in the hands of a third party bank that had no objection to disclosure. The bank certainly could not be expected to subject itself to contempt to create an appealable order for the government. *Overby* thus comes within the *Perlman* exception to the general rule of nonappealability and does not support the creation of a new exception. *Caswell* holds that a party to an action may, on appeal from a final judgment, seek review of an order quashing a subpoena duces tecum directed to a third party. 399 F.2d at 422. It does not consider whether nonparty governmental entities should be released from the contempt prerequisite.

The Tenth Circuit cases are also unpersuasive. In *Saunders v. Great Western Sugar Co.,* 396 F.2d 794 (10th Cir.1968), the court permitted nonparty government officials to appeal from a subpoena duces tecum without their having first been held in contempt. However, *Saunders* did not create a special exception for nonparty governmental entities asserting a claim or privilege, as appellants would have us do here. Rather, the case relied on *Covey Oil Co. v. Continental Oil Co.,* 340 F.2d 993 (10th Cir. 1965), which deviated from the general rule of nonappealability developed in *Alexander* and *Cobbledick* and held that a nonparty witness, governmental or private, could appeal from a subpoena duces tecum without first having been held in contempt for refusal to comply. This circuit, along with several others, has rejected *Saunders* and *Covey, see United States v. CBS,* 666 F.2d 364, 370 n. 6 (9th Cir.1982) and cases cited therein, and *Covey* probably has not survived the Supreme Court's decision in *United States v. Ryan.*

We do not have jurisdiction to hear the appeal of the Gaming Control Board and Gaming Commission.

Appeal dismissed.