**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America,
Appellant,**

v.

**James Owen MALLORY, Appellee.**

**No. 85–1494.**

United States Court of Appeals,
Tenth Circuit.

July 30, 1986.

William S. Price, U.S. Atty., and Karla McAlister, Asst. U.S. Atty., Oklahoma City, Okl., for appellant, U.S.

Frank R. Courbois and Fred L. Staggs, Oklahoma City, Okl., for appellee, James Owen Mallory.

Before HOLLOWAY, Chief Judge, MOORE, Circuit Judge, and THEIS,* District Judge.

THEIS, District Judge.

Appellee, James Owen Mallory, is a prisoner serving a fifteen-year sentence for conspiracy to distribute cocaine and distribution of cocaine. On February 20, 1985, Mallory appeared before the Honorable Luther B. Eubanks, Chief United States District Judge for the Western District of Oklahoma, upon the Government's application to grant him immunity and compel him to testify regarding upper-level narcotic suppliers. At the immunity hearing, counsel for the Government argued that Mallory was the only one who could provide information about the drug suppliers.

During the course of the immunity hearing, Judge Eubanks observed a newspaper reporter from the Daily Oklahoman, Judy Fossett, at the courtroom door. Fossett had been monitoring the grand jury proceedings, and Judge Eubanks noted that Fossett probably already knew the reason for the hearing. The judge commented on the record that Mallory would be in danger if his grand jury appearance was reported in the paper.

On February 21, 1985, Mallory refused to answer grand jury questions which he claimed were the product of an illegal wiretap. The Government filed a motion for contempt of court. At an *in camera* hearing on March 4, 1985, Judge Eubanks denied the Government's motion for contempt on the basis of danger to Mallory from news coverage of the proceedings. The United States appeals the trial court's denial of its contempt motion.

The Government first raises the issue of the wire tap's validity. This Court does not need to reach the question of whether the wire tap was valid, since the Court concludes that the trial court properly denied the contempt motion for other reasons.

The language of 28 U.S.C. § 1826 permits a court to order the incarceration of a witness who refuses to obey a court order to testify, unless "just cause" is shown. Section 1826, by providing that a court "may" find a recalcitrant witness in contempt, leaves to the reasonable discretion of the trial court the grant or denial of a contempt motion. Thus, in reviewing the trial court's finding in a contempt case, this Court is "limited to determining whether the ruling of the district court amounts to an abuse of discretion." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 226 (10th Cir. 1979).

Mallory suggests that the trial court properly denied the contempt motion since the secrecy of the grand jury proceedings had been broken by the newspaper reporter's presence. The Government cites the competing proposition that fear of reprisal cannot excuse a witness from testifying before a grand jury. The two concerns are not irreconcilable.

"[T]he proper functioning of our grand jury system depends upon the secrecy of the proceedings." *Douglas Oil Co. v. Petroleum Stops Northwest*, 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979). Since one of the reasons underlying the policy of secrecy is to encourage full disclosure by witnesses without fear of retaliation, it follows that a witness may object to the presence of unauthorized persons during his grand jury testimony. *United States v. Di Girlomo*, 393 F.Supp. 997, 1000 (W.D.Mo.), *aff'd.* 520 F.2d 372 (8th Cir.), *cert. denied*, 423 U.S. 1033, 96 S.Ct. 565, 46 L.Ed.2d 407 (1975); *see also, United States v. Tager*, 638 F.2d 167 (10th Cir.1980). While a speculative fear of dan-

* Honorable Frank G. Theis, United States District Judge for the District of Kansas, sitting by desig-

nation.

ger or reprisals is not a defense to contempt, *Martin-Trigona v. Gouletas,* 634 F.2d 354, 360 (7th Cir.1980); *In Re Grand Jury Proceedings (Gravel),* 605 F.2d 750, 752–53 (5th Cir.1979), an actual showing that the secrecy of the grand jury proceedings has been impaired may constitute "just cause" for a refusal to testify and a defense to a contempt action. *See, e.g., In Re Grand Jury Investigation,* 424 F.Supp. 802, 805 (E.D.Pa.1976), *appeal dismissed,* 576 F.2d 1071 (3d Cir.), *cert. denied,* 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 343 (1978); *United States v. Di Girlomo,* 393 F.Supp. at 1000.

In the present case, the trial judge properly exercised his discretion in denying the Government's motion for contempt because he believed Mallory to be in actual danger since the secrecy of the grand jury proceedings had been undermined by the newspaper reporter's presence and knowledge. Moreover, Judge Eubanks stated that Mallory could be re-subpoenaed before a grand jury for which secrecy had been preserved. This Court finds no abuse of discretion in the district court's denial of the Government's motion for contempt.

Since the Court finds no reversible error, the judgment of the lower court is AFFIRMED.