856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Ray COFFELT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5323.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1988.
 
 Before ENGEL, Chief Judge, and KEITH and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Defendant Coffelt appeals pro se from an order finding him in contempt as a recalcitrant witness under 28 U.S.C. Sec. 1826 for refusing to testify before a grand jury. This appeal is being given expedited consideration under 28 U.S.C. Sec. 1826(b).
 
 
 2
 On appeal, he contends that he did not have effective assistance of counsel during his grand jury appearance and the subsequent contempt hearing, in violation of Strickland v. Washington, 466 U.S. 668 (1984), and the government breached its plea agreement in seeking to compel him to testify. The government has responded in opposition.
 
 
 3
 The recalcitrant witness statute, 28 U.S.C. Sec. 1826, permits a court to order the incarceration of a witness who refuses to obey a court order to testify, unless "just cause" is shown. The permissive language of the statute leaves to the reasonable discretion of the trial court the grant or denial of a contempt motion. Therefore, in reviewing the district court's order, this Court is limited to determining whether the ruling of the district court amounts to an abuse of discretion. In re Grand Jury Proceedings (Mallory), 797 F.2d 906, 907 (10th Cir.1986). We conclude that the district court did not abuse its discretion and its decision must be affirmed.
 
 
 4
 Counsel of record for the defendant was Stephen Greer of Dunlap, Tennessee. According to Coffelt, Greer's representation ended either on October 9, 1987 when Greer sent a letter to Coffelt advising him that his conviction had been affirmed or at some point thereafter because Coffelt could no longer afford to pay for legal representation. In addition, Coffelt says the district court erroneously failed to inquire into his status as an indigent prior to the contempt hearing and thus failed to properly appoint counsel.
 
 
 5
 In order to establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defendant's defense. Strickland, 466 U.S. at 687-88. During the relevant time period, Greer corresponded with and received correspondence from the Assistant United States Attorney, filed a motion to quash the grand jury subpoena, and argued the motion at the contempt hearing, all as the defendant's legal representative. The only basis for Coffelt's argument that he was not represented by retained counsel is a letter his attorney mailed after the contempt hearing outlining the defendant's options and estimating his legal fees if he represented Coffelt on appeal from the contempt order. Coffelt did not retain Greer further. There is nothing in these events to support the defendant's argument of ineffective assistance of counsel.
 
 
 6
 As his second issue, Coffelt contends that a paragraph in his plea agreement which stated that his plea "constituted a full disposition of the known federal charges" (emphasis supplied by defendant), barred the government from compelling his testimony before the grand jury. The defendant offers this statement as support for a claim that he was misled into choosing a longer sentence in lieu of testifying voluntarily. A plea bargain is contractual in nature and is measured by contract law standards. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, --- U.S. ----, 107 S.Ct. 131 (1986). To determine whether the plea agreement was violated, the district court must first determine what the parties to the plea bargain reasonably understood to be the terms of the agreement; this is a question of fact to be resolved by the district court, applying objective standards. Id. Accordingly, the district court's decision is to be reviewed only for clear error.
 
 
 7
 The defendant's plea agreement does not contain any specific terms about testimony, whether compelled or voluntary. In the absence of ambiguous terms in the agreement, we will not rewrite the agreement to include a bar on attempts by the government to compel testimony from the defendant. In re Grand Jury Proceedings (Perdue), 819 F.2d 984 (11th Cir.1987). The district court's determination that the plea agreement was not breached was not clearly erroneous.
 
 
 8
 In conclusion, Coffelt has not demonstrated that he had just cause for refusing to testify before the grand jury and the order of the district court holding the defendant in civil contempt is affirmed.