961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 STATE OF KANSAS, Plaintiff,
v.
Mark CALL, Glenda Waggoner, and Mike Burch, Defendants-Appellants,
Otto Privette; Robert Benton, Movants-Appellees.
 Nos. 91-3114, 91-3115, 91-3116.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1992.
 
 Before JOHN P. MOORE and EBEL, Circuit Judges, and ALLEY, District Judge*.
 ORDER AND JUDGMENT**
 WAYNE E. ALLEY, District Judge.
 The present action comes on before the Court upon the Memorandum and Order of the district court quashing the state court subpoenas and vacating the state court's order to show cause. We affirm the findings of the district court announced in its Memorandum and Order of March 19, 1991.
 In December of 1990, Drug Enforcement Administration ("DEA") Agents Otto Privette and Robert Benton ("Agents") filed, through an Assistant United States Attorney for the District of Kansas, a Notice of Removal in the United States District Court for the District of Kansas ("district court"). The Agents filed the Notice of Removal for the district court to determine whether the Agents could be held in contempt for failing to testify when subpoenaed by the defendants in a state criminal prosecution.
 The state court criminal action was filed against three defendants, who appear in the present appeal as the Defendants-Appellants ("Appellants") Mark A. Call, Glenda R. Waggoner and Mike Burch. The Appellants attempted to subpoena the Agents in the criminal case as expert witnesses who allegedly held the opinion that the price of the marijuana sold to the Appellants in the reverse sting operation was "ridiculously low." This artificially low price, the Appellants contended, constituted entrapment, making the Agents' testimony crucial to their defense.
 In the state court hearing on December 14, 1990, before Judge Nicholas Klein, Assistant United States Attorney Kim Martin told Judge Klein that the Department of Justice ("DOJ") had directed the Agents not to comply with the defense subpoenas, citing United States ex rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). (Tr. of Hrng. on Mtn. to Suppress at 8.) Judge Klein then cited the Agents for contempt of court for failure to obey the defense subpoenas. (Tr. of Hrng. on Mtn. to Suppress at 14-15.) From this contempt citation, the Agents removed the case to district court.
 The Memorandum and Order of United States District Judge Patrick F. Kelly reviewed the facts and the legal issues presented by the Agents in the Notice of Removal. His findings are as follows.
 First, Judge Kelly held that the Notice of Removal itself established factual and legal bases for the filing of the federal action pursuant to 28 U.S.C. § 1442(a)(1), and that the federal district court had jurisdiction. (Mem. and Order at 2.) Second, he held that although information gathered by DOJ sometimes may be useful in legal proceedings that do not involve DOJ employees, the information sought by the defense in this case constituted general knowledge of DEA Agents unrelated to a particular investigation, and therefore was not able to be disclosed under 28 C.F.R. § 16.24(d)(2). (Mem. and Order at 3.)
 Third, Judge Kelly stated that despite Appellant Waggoner's reliance upon Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), that case did not require federal officers to provide general information about drug prices to indigent criminal defendants. (Mem. and Order at 4.) Fourth and finally, Judge Kelly stated that the state court was without jurisdiction to compel the Agents to testify, pursuant to the principles announced in United States ex rel. Touhy v. Ragen, supra. (Mem. and Order at 4-5.) Thus, Judge Kelly ruled, the subpoenas were properly quashed and the state court's order to show cause why the Agents should not be held in contempt was vacated.
 
 
 1
 In Appellants' Joint Brief, the Appellants present three primary issues for review by this Court: First, whether the district court had removal jurisdiction, and if so, whether it properly refused to find the Agents in contempt. Second, whether the district court had jurisdiction to quash the subpoenas, and if so, whether it properly did so. And third, whether the Appellants Waggoner and Burch were entitled to obtain the requested information in preparation of their defense, due to their indigent status.
 
 I. Standards of Review
 
 2
 Attacks on a court's jurisdiction and on the adequacy of removal proceedings are matters of law that must be reviewed under a de novo standard. Matter of Tri-State Equip., Inc., 792 F.2d 967, 970 (10th Cir.1986); United States v. McConney, 728 F.2d 1195, 1200-01 (9th Cir.), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 
 3
 By contrast, review of a district court's holding regarding contempt of court is limited to the standard of abuse of discretion. In re Grand Jury Proceedings, 797 F.2d 906, 907 (10th Cir.1986); V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 226 (10th Cir.1979).
 
 
 4
 II. Removal Jurisdiction and Quashing of Subpoenas
 
 
 5
 The United States Supreme Court has announced in a clear line of cases that where federal officials raise a federal defense arising from their law enforcement or other official duties, the case should be removable pursuant to 28 U.S.C. § 1442(a)(1). Mesa v. California, 489 U.S. 121, 131-32, 109 S.Ct. 959, 966-67, 103 L.Ed.2d 99 (1989); Arizona v. Maypenny, 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981); Willingham v. Morgan, 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969). Accord, Christensen v. Ward, 916 F.2d 1462, 1484 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 559, 112 L.Ed.2d 565 (1990).
 
 
 6
 In this Court's opinion, the action against the Agents was removable to determine the propriety of the Agents' refusal to testify. Further, the district court unquestionably possessed jurisdiction to quash the subpoenas, even though the state court subpoenas themselves did not provide an independent basis for removal jurisdiction. See, Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir.1986); Watkins v. Grover, 508 F.2d 920, 921 (9th Cir.1974).
 
 III. Contempt of Court
 
 7
 In 1951, the United States Supreme Court reviewed the primary issue presented in this case: whether a state court judge can hold federal officials in contempt for failing to testify about confidential departmental information, when those officials are directed by their superiors not to comply with the subpoena. United States ex rel. Touhy v. Ragen, supra, 340 U.S. at 467-68, 71 S.Ct. at 418-19 held that federal officials may refuse to testify about confidential information if so directed by their superiors. See also, United States Steel Corp. v. Mattingly, 663 F.2d 68 (10th Cir.1980); Smith v. C.R.C. Builders Co., Inc., 626 F.Supp. 12, 13 (D.Colo.1983).
 
 
 8
 Touhy is also cited within the regulations that establish the procedures with which federal officials and their superiors must comply. See, 28 C.F.R. § 16.28. Although the Appellants claim that neither the Agents nor their superiors complied with the provisions of the Code of Federal Regulations, this Court agrees with the district court's finding to the contrary. See, Mem. and Order at 3.
 
 IV. Expert Evidence for Indigent Defendants
 
 9
 Lastly, Appellants Waggoner and Burch argue that they are entitled to the testimony of the Agents as expert witnesses, within the principle pronounced by the United States Supreme Court in Ake v. Oklahoma, supra. This Court agrees with Judge Kelly that Ake 's narrow issue, namely a state's obligation to provide an indigent defendant access to a competent psychiatric evaluation provides no rule of decision for this case in which the broad contention is that an indigent defendant is entitled to free-of-charge provision of expert witnesses selected by the defenses for any and all issues. It was up to the defense to establish its entitlement and it has not done so. (Mem. and Order at 4.)
 
 V. Conclusion
 
 10
 Upon a careful review of the district court's removal jurisdiction, ability to quash state court subpoenas, and jurisdiction to find that the Agents were not in contempt of court, we affirm the district court's holding stated in the Memorandum and Order of March 19, 1991. Further, the Agents are under no obligation to testify for Appellants Waggoner and Burch, despite the indigent status of these Appellants.
 
 
 
 *
 Honorable Wayne E. Alley, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3