972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NATIONAL COMMODITY AND BARTER ASSOCIATION; its service
wing, National Commodity Exchange; Executive
Finance Company, Petitioners-Appellants,
and
Paul R. Carter, Petitioner,
v.
UNITED STATES of America, and a Grand Jury thereof,
Respondent-Appellee.
 No. 91-1153.
 United States Court of Appeals, Tenth Circuit.
 July 30, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioners National Commodity and Barter Association, National Commodity Exchange, and Executive Finance Company appeal the district court's refusal to quash grand jury subpoenas duces tecum served on their respective custodians of records. They also appeal the district court's determination that they are in contempt of court for refusing to comply with the subpoenas.
 
 
 3
 The parties agree that the issues pertinent to the motion to quash the subpoenas are identical to those decided in National Commodity & Barter Ass'n v. United States, 951 F.2d 1172 (10th Cir.1991). Petitioners cite the recent case of United States v. P.H.E., Inc., No. 91-4149, 1992 WL 110278 (10th Cir. May 26, 1992), for the proposition that they are entitled to protection from a prosecution brought to interfere with their constitutional rights. We perceive no facts or arguments in this appeal not raised in the prior appeal showing that the government's involvement is a pretext for interfering with constitutionally protected rights. Consequently, P.H.E., Inc. does not mandate reversal.
 
 
 4
 We review the district court's finding of contempt under 28 U.S.C. § 1826 for abuse of discretion. In re Grand Jury Proceedings (Mallory), 797 F.2d 906, 907 (10th Cir.1986). According to Petitioners, they had "just cause" for failure to comply: the government "fail[ed] to show a nexus between the allegedly illegal activity of one undercover agent and the conduct of the affairs of the [Petitioners] as a whole." Appellants' Br. at 31.
 
 
 5
 Here, the district court adjudged Petitioners in contempt of court after they had been ordered twice to produce the subpoenaed documents, once in the prior case and again in this case. Furthermore, Petitioners' argument was rejected in the prior appeal. National Commodity & Barter Ass'n, 951 F.2d at 1175 ("The government has also met its burden of demonstrating a substantial relationship between the subpoenaed records and its compelling interest in the criminal investigation."). Petitioners do not challenge the amount of the monetary sanction imposed by the district court. Therefore, we find no abuse of discretion in the district court's contempt order.
 
 
 6
 For the reasons stated in National Commodity & Barter Ass'n, 951 F.2d 1172, the district court's order denying Petitioners' motion to quash is AFFIRMED. For the reasons stated above, the district court's finding that Petitioners are in contempt of court, and its order that Petitioners collectively shall pay $50.00 per day commencing August 27, 1990, until they comply with the subpoenas, are also AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3