**The THOLEN SUPPLY COMPANY, INC., et al., Plaintiffs,**

v.

**CONTINENTAL CASUALTY COMPANY, Defendant.**

No. 93–2224–JWL.

United States District Court, D. Kansas.

July 5, 1994.

---

James W. Coder, Office of State Fire Marshal, Topeka, KS, for Donald Watkins.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

#### I. Introduction

This case involves a breach of contract claim based upon an insurance contract entered into between plaintiffs and defendants. Plaintiffs seek to recover damages sustained when their business was destroyed by fire. Defendant has refused to pay plaintiffs any proceeds under the insurance contract and alleges, among other things, that the fire was deliberately set by one of the plaintiffs.

The matter is currently before the court on the motion of non-parties James W. Carlson, Peter W. Lobdell, and James H. Jimmerson to quash deposition and trial subpoenas (Doc. # 102). Also pending is plaintiff's motion to strike witnesses identified in defendant's final witness and exhibit list (Doc. # 100). For the reasons set forth below, the motion to quash deposition and trial subpoenas is granted and the motion to strike is denied.

#### II. Factual Background

James H. Jimmerson is the Group Supervisor of the Arson Explosive Group of the United States Bureau of Alcohol, Tobacco, and Firearms (the "BATF") office in Kansas City, Missouri. James V. Carlson and Peter Lobdell are BATF Special Agents also assigned to that office. The three BATF agents have been involved in investigating the fire that occurred at plaintiffs' business. No criminal charges have been filed regarding the fire, and it is uncertain when, or even if, criminal charges would ever be filed.

Defendant believes that the three BATF agents, through the course of their investigation, have accumulated evidence relevant to the issues to be decided in this case, including evidence relating to the cause and origin of the fire at plaintiffs' business.[1] Consequently, between May 13 and May 16, 1994, defendant served each of the three BATF agents with a Subpoena Duces Tecum to

Jeffrey L. Baxter, Jeffrey E. Goering, Chapman, Waters & Baxter, Leavenworth, KS, Pedro L. Irigonegaray, Irigonegaray & Associates, Topeka, KS, for plaintiffs.

James L. Sanders, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for Continental Cas. Co.

Janice M. Karlin, Office of U.S. Atty., Kansas City, KS, for James V. Carlson, Peter W. Lobdell, James H. Jimmerson.

---

**1.** At this point, neither defendant nor the plaintiffs have knowledge of exactly what evidence is contained in the BATF files.

appear at the office of defendant's counsel in Overland Park, Kansas for their depositions, and to produce documents from BATF files as indicated on an addendum attached to the subpoenas. The three agents were also served with trial subpoenas to appear at the trial of this matter on November 1, 1994. The three BATF agents, by and through the United States Attorney, have moved to quash the subpoenas on the grounds that the Director of the BATF has denied approval for the three agents to attend the depositions, produce BATF records, or testify at trial.

### III. Discussion

#### A. The Motion to Quash Subpoenas

Congress has given federal agencies the right to enact certain "housekeeping rules" to govern how agency information will be disclosed. The enabling statute is 5 U.S.C. § 301, which states as follows:

> The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

The housekeeping rules enacted by the Bureau of Alcohol, Tobacco and Firearms in response to this statute are found at 27 C.F.R. § 71.1 et seq. 27 C.F.R. § 71.27(c) states in pertinent part:

> The disclosure, including the production, of ATF records or information to any person outside the Department of the Treasury or to any court, administrative agency, or other authority, in response to any request or demand for the disclosure of such records or information shall be made only with the prior approval of the Director.

The Supreme Court has specifically recognized the authority of agency heads to restrict testimony of their subordinates by this type of regulation. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). In *Touhy,* the Supreme Court dealt with a rule promulgated by the Justice Department that, like the BATF rule in question here, required Justice Department employees who were served with Subpoenas to immediately inform the Attorney General of the request, and to refuse to obey the subpoena if so instructed by the Attorney General. The Court held that the housekeeping regulation was valid and provided the employee with an absolute privilege to refuse to obey the subpoena. *Id.* at 464, 71 S.Ct. at 417–18.

■ The Tenth Circuit has recognized this same privilege. *See United States Steel Corp. v. Mattingly,* 663 F.2d 68 (1980); *Saunders v. Great Western Sugar Co.,* 396 F.2d 794, 795 (10th Cir.1968). In *Saunders,* the Tenth Circuit set aside an order of the district court which sought to compel an employee of the Small Business Association to comply with a subpoena duces tecum.[2] In *Mattingly,* the Tenth Circuit ordered the district court to recall a subpoena that had been issued to a Bureau of Standards employee. Other circuit courts that have addressed the issue have reached similar conclusions. *See Boron Oil Co. v. Downie,* 873 F.2d 67 (4th Cir.1989) (district court did not have jurisdiction to compel employee to testify contrary to EPA instructions, nor did district court have authority to review and set aside the EPA's decision and the federal regulations under which it was made); *see also Swett v. Schenk,* 792 F.2d 1447 (9th Cir.1986).

■ 27 C.F.R. § 71.27 regulates the manner in which discovery requests made on ATF employees are handled. It provides that disclosure of information and/or records shall be made only with the prior approval of the Director. In this case, the Director has denied approval for the three agents to produce BATF records, attend depositions, or testify at trial. Under *Touhy* and controlling

---

**2.** The privilege was held to apply in this 1968 ruling even though 5 U.S.C. § 301 (then 5 U.S.C. § 22) was modified in 1958 (seven years after the *Touhy* case) to add the phrase: "[t]his section does not authorize withholding information from the public or limiting the availability of records

to the public." The added phrase addresses the availability of the documents themselves, not the ability of the agency head to withdraw from subordinates the power to release such documents. *See Smith v. C.R.C. Builders Co.,* 626 F.Supp. 12, 14 (D.Colo.1983).

**470**

Tenth Circuit precedent, this court cannot compel the agents to obey the subpoenas contrary to their Director's instructions under the valid agency regulation. Accordingly, the subpoenas must be quashed. The only recourse available to defendants is to procure service of the subpoena duces tecum upon the appropriate official, in this case the Director of the BATF. *See Saunders,* 396 F.2d at 795; *Smith,* 626 F.Supp. at 15.

**B.** *Plaintiffs' Motion to Strike*

In their motion to strike, plaintiffs seek to strike the three AFT agents and Donald Watkins, a fire investigator from the Kansas State Fire Marshal Department, from defendant's witness list on the grounds that plaintiffs have not had a chance to depose those individuals or otherwise discover what their proffered testimony at trial will be. The court finds the motion to be premature at this time due to the fact that the discovery deadline in the case has not yet closed. Defendants may yet be able to procure these individuals for depositions and document discovery in a timely fashion, which would allow plaintiff to conduct discovery of their proffered testimony prior to the discovery deadline. In the event defendants are unable to accomplish this, and plaintiffs are consequently unable to conduct discovery regarding these individuals prior to the discovery deadline in the case, the court will entertain a renewed motion by plaintiffs to strike these witnesses.

*IV. Conclusion*

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** the motion to quash deposition and trial subpoenas filed by nonparties James Carlson, Peter Lobdell and James Jimmerson (Doc. # 102) is granted. The deposition and trial subpoenas issued to those individuals are hereby ordered quashed.

**IT IS FURTHER ORDERED THAT** plaintiffs' motion to strike (Doc. # 100) is denied.

**IT IS SO ORDERED.**