404 So.2d 121 (1981)
RICHMOND COMPANY, INC., a Florida Corporation, Appellant/Cross-Appellee,
v.
ROCK-A-WAY, INC., a Florida Corporation, Appellee/Cross-Appellant.
No. 80-207.
District Court of Appeal of Florida, Fourth District.
March 18, 1981.
*122 Thomas A. Bratten of Bratten & Harris, P.A., West Palm Beach, for appellant/cross-appellee.
Micheal A. Edwards of Law Offices of Charles L. Rowe, West Palm Beach, for appellee/cross-appellant.
GLICKSTEIN, Judge.
This is an appeal and a cross-appeal from a final judgment based on the granting of appellee's motion to dismiss appellant's amended complaint. Because we agree that the complaint and amended complaint were properly dismissed the cross-appeal becomes moot and we dismiss it.
Appellant alleged in its complaint and amended complaint against appellee that appellant was a licensed general contractor specializing in roadway, drainage and utility construction; that in early 1979 the South Florida Water Management District requested bids from licensed general contractors for a project known as Belle Glade Recreation Area, First Phase Development, Roadways, Drainage and Utilities; that appellant was eminently qualified to construct the project; that on or about June 3, 1979, appellant entered into an oral agreement with appellee whereby appellant agreed that if it refrained from bidding the project as a prime general contractor and submitted a bid as a subcontractor to appellee for the construction work required by the project, appellant would be paid by appellee for that construction work if appellee was awarded the contract as a prime general contractor; that on or about the same day as the aforesaid agreement appellant submitted its bid to appellee with detailed specifications; that appellant refrained from bidding on the project as a prime general contractor; that appellee was awarded the prime contract; and that appellee failed and refused to have appellant do and receive payment for the work contemplated by its bid. The amended complaint also contained the conclusions of the pleader that the above agreement did not have as its purpose, tendency or effect the stifling of competition. Appellant reasoned in the pleading that by refraining from bidding as a prime general contractor it was permitted to submit bids as a subcontractor to more than one prime general contractor which had the effect of increasing the number of prime general contractors bidding for the project. However, nowhere did appellant allege that it submitted its bid to other prime general contractors who in turn bidded for the project.
The trial court dismissed both the complaint and amended complaint on the ground that the parties' contract was void as against that public policy defined in Finley Method Co. v. Standard Asphalt Co. of Florida, 104 Fla. 126, 139 So. 795 (1932).
Appellant argues that the matter should not have been decided on motion to dismiss and that factual issues had been raised by the amended complaint which were for the trier of fact to decide. We find appellant's argument without merit and agree with the trial court that this case is governed by Finley Method Co., supra. In that case the court said at 104 Fla. 129-130, 139 So. 796-797:
The principal contracts involved in this case were subject to the competitive bidding statutes. The rule is well settled in the United States that all agreements, whether principal or subsidiary in character, which, in their necessary operation upon the action of contractors engaged in bidding for public work, tend to restrain the natural rivalry and competition of the parties, and thus produce a result disadvantageous to the public, are against public policy and void. What the public has *123 to be on guard against in the violation of such salutary statutes as these is not the violation direct, but the violation oblique; not the frank disregard of what the statutes in terms require, but the suave and insidiously evasive arrangements which, operating in secret understandings between contractors and their privies, tend to produce an effect as harmful in result as the most direct misconduct or malfeasance.
Therefore, without regard to its form, any agreement which is made between contractors and subcontractors, or others, for the purpose of preventing free and fair competition at public lettings of contracts, or for the purpose of giving undue advantage to either of the parties, or their privies, while engaged in the performance of public contracts, is prohibited by public policy and is void, though no actual injury may have resulted; the test of legality being the evil tendency of the agreement, and not its actual result in the particular instance. (Citations omitted).
On the face of the complaint and amended complaint sub judice, appellant alleged that appellee agreed to employ and pay it as a subcontractor provided it refrained from submitting a bid as a prime general contractor. The tendencies of such agreement were not only to extinguish competition between the parties as bidders for the primary contract but also to eliminate any competition with appellant for the subcontract bid.
We therefore hold the parties' contract to be void and not a proper predicate for the award of damages.
APPEAL AFFIRMED.
CROSS-APPEAL DISMISSED.
DOWNEY and ANSTEAD, JJ., concur.