BOARDMAN, Judge.
Plaintiffs Harry Pepper & Associates, Inc. (Pepper), Lewis Bass, and Charles L. Weisberg appeal a final judgment dismissing their case against defendants/appellees the City of Cape Coral and its city council and Gulf Contracting, Inc. We affirm.
This appeal represents the fifth time that some phase of this case has been before this court, and we may well not see the last of it with this decision.
This case began when the contract for a water treatment plant the City desired to have built was awarded to Gulf. A full discussion of the underlying facts is set forth in this court’s first opinion in this case, Harry Pepper & Associates v. City of Cape Coral, 352 So.2d 1190 (Fla. 2d DCA 1977) (Pepper I), and will not be repeated here. Pepper, a disappointed bidder, sought an injunction to prohibit the City from contracting with Gulf and such other relief as the trial court might deem proper. The original trial judge, Judge Schoonover, denied Pepper’s request for a temporary injunction.
Thereafter, an amended complaint was filed adding Bass and Weisberg, Cape Coral taxpayers, as parties plaintiff and Gulf as a party defendant. Trial was held before a second judge, Judge Shands, who directed a verdict for appellees at the close of appellants’ case and entered final judgment against appellants. This court reversed in Pepper I, stating in the final paragraph of the original opinion:
Faced with Gulf’s substantially nonconforming bid, the City had but two proper alternatives: to award the contract to the next lowest bidder who met the specifications, or to reject all bids and readvertise for new ones. The City exceeded its authority by allowing Gulf to bring its bid into conformity with the specifications and then accepting it.
Reversed.
Id. at 1193.
Appellees then filed a petition for rehearing, calling to this court’s attention the facts that we had included no directions to the trial court on remand, that the effect of this was to place the case in the same position as it would have been in had the reversed order never been entered, and that while the case had been pending before us the contract had been let to Gulf and the work completed and paid for. Appellees therefore requested either that we dismiss the appeal as moot because the relief requested, an injunction, could not be granted or that we remand for full plenary trial in light of the subsequently occurring events. Appellants opposed the petition, noting that the pleadings would have to be amended and that damages might be sought.
After considering these arguments, we amended our original opinion as follows:
[0]ur attention is called to the fact that in our initial opinion we reversed the judgment of the trial court without directions. Appellee correctly points out that this would be construed as returning this cause to the trial court just as if the reversed order had never been made....
Our opinion is hereby amended to remand this cause to the trial court with direction to afford appellees an opportunity to present evidence on the issues involved. Otherwise, the petition for rehearing is denied.
Id. at 1193-1194 (citations omitted).
On remand, appellants requested leave to further amend their complaint to seek monetary damages in lieu of injunctive relief. Judge Schoonover refused this request. Appellants sought review of this decision by way of appeal and petition for writ of certiorari, but this court dismissed their appeal, Harry Pepper & Associates v. City of Cape Coral, 366 So.2d 893 (Fla. 2d DCA *99 1978), and denied certiorari on the ground that appellants would have an adequate remedy by appeal from the final judgment, Harry Pepper & Associates v. City of Cape Coral, 369 So.2d 969 (Fla. 2d DCA 1979).
Ultimately, this case proceeded to trial before Judge Thompson, who ruled that this case was moot and therefore dismissed it with prejudice. This appeal followed timely.
Although appellants take their appeal from the final judgment, they agree that Judge Thompson acted properly given the posture of the case when he received it. Appellants’ complaint is that Judge Schoon-over erred in denying them leave to amend their complaint. Appellants are incorrect. Judge Schoonover was bound by this court’s directions on remand; this court’s consent to the presentation of new matter affecting the case was required, O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla.1974), and was not obtained here. This court specifically directed the trial court only to allow appellees to present evidence on the issues in the case; implicit in that direction was a limitation of the issues to issues previously raised. Judge Schoonover could properly have done nothing other than what he did and was eminently correct in his ruling.
Appellants have not been foreclosed from all relief. This court obviously intended that any new or different cause of action could be raised in a separate case, and, as stated above, appellants have filed a separate action, which is pending but has been abated pending final disposition of the instant case. Once this opinion has become final, that other action may proceed, and if appellants are dissatisfied with its resolution, they may appeal yet again.
We should note that appellees consider themselves aggrieved because Judge Thompson’s final judgment does not address the issue of monetary damages to appellants, which, appellees assert, should have been disposed of inasmuch as appellants presented evidence of $4000 in damages at the hearing in 1976 which was terminated by the directed verdict in favor of appellees, which was reversed in Pepper I. Appellees originally sought review of the final judgment on this ground, but we dismissed their appeals. City of Cape Coral v. Harry Pepper & Associates, 417 So.2d 340 (Fla. 2d DCA 1982). They nevertheless persist in this argument on this appeal. Their argument is incorrect because appellants did not request monetary damages in the amended complaint upon which this case was tried. They prayed specifically only for injunctive relief and apparently put on evidence of damages, to wit: the cost of preparing Pepper’s bid, solely to establish Pepper’s standing to bring this lawsuit. We suspect that appellees have raised Judge Thompson’s alleged error in failing to consider the damage issue in an attempt to limit their potential damage liability to $4000. However, Judge Thompson did not err, and appellants are entitled in their separate action to seek damages in addition to the costs of Pepper’s bid preparation.
For the foregoing reasons, the final judgment appealed is AFFIRMED.
OTT, C.J., and CAMPBELL, J., concur.