ALIMENTA (U.S.A.), INC., Plaintiff,

v.

ANHEUSER–BUSCH COMPANIES, INC., Defendant.

Civ. A. No. C81–858A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 21, 1983.

---

W. Lyman Dillon, John G. Parker, Michael T. Thornton, Caryn R. May (Hansell, Post, Brandon & Dorsey), Atlanta, Ga., for plaintiff.

Robert N. Meals, A. Lee Parks, Jr., Atlanta, Ga., George S. Thomas, Associate Gen. Counsel, Anheuser-Busch Companies, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

FORRESTER, District Judge.

On or about September 8, 1982 defendant Anheuser-Busch served a notice of deposition and for production of documents directed to Alimenta (U.S.A.) and its attorney of record, John G. Parker, Esq., and a subpoena directed to Jan Muis "and his attorney, John G. Parker, Esq." Plaintiff filed a motion to quash and for protective order on September 20, 1982, which this court denied on October 1, 1982 without written opinion. Herein is the opinion of the court.

This is an action between Alimenta (U.S.A.), Inc. ("Alimenta USA"), and Anheuser-Busch Companies, Inc. ("Anheuser-Busch") regarding the purchase of certain peanuts. These peanuts were purchased by Alimenta USA from Alimenta Agri-products (Rotterdam) B.V. ("Alimenta BV") and shipped to the United States for resale to Anheuser-Busch.

Plaintiff Alimenta USA is a United States corporation with its principal place of business in Georgia, and Alimenta BV is a legal entity established under the laws of The Netherlands. Both Alimenta USA and Alimenta BV are wholly owned subsidiaries of Alimenta USA, a Swiss corporation with offices in Geneva.

Defendant Anheuser-Busch shows, and plaintiff does not dispute, that the peanut samples were selected by Leo Elfferich, "President" of Alimenta BV, that the peanuts were shipped from Rotterdam, where they "were under the control of Alimenta's Rotterdam operation," that Mr. Elfferich "has been intimately involved in the discovery process of this litigation, including participation in Plaintiff's answers to interrogatories propounded by Defendant," and that Alimenta BV and Alimenta USA were in regular contact during the course of the transaction at issue in this case.

Defendant also shows, and plaintiff does not dispute this showing, that the "sale" of the peanuts at issue in this litigation from Alimenta BV to Alimenta USA was a "for profit" transaction, but that the sale from Alimenta USA to Anheuser-Busch was a "no profit" transaction in that the price which Alimenta USA "paid" for the peanuts was the same price Anheuser-Busch bought them for. For purposes of this motion it is clear that Alimenta BV was intimately involved in the transaction at issue in this suit.

The affidavit of Larry J. Lemley, Vice President of Alimenta USA, states, "Jan Muis is not now and never has been an employee, officer, director or shareholder of Alimenta (U.S.A.), Inc. Alimenta (U.S.A.), Inc. is not owned or controlled by nor does it own or control Alimenta Agri-Products (Rotterdam) B.V." The affidavit of plaintiff's counsel, John G. Parker, states that he and the law firm with which he is associated "act as counsel for plaintiff in this matter." He states, "Neither I nor the above-referenced firm is now or has ever been counsel for Jan Muis."

The defendant shows that Leo Elfferich, "President" of Alimenta BV, came to the United States for his deposition pursuant to agreement of the parties as to time, date, place and sharing of costs, and that counsel for the plaintiff accompanied Elfferich to his deposition. A review of the deposition shows that counsel for the plaintiff actively

participated in the deposition. Defendant states that as a formality it served counsel for the plaintiff with a notice of deposition and subpoena, to which plaintiff filed an objection, asserting that "both the deponent and the enumerated documents are outside the subpoena power of this Court and cannot be compelled under Rule 45." Plaintiff also objected to "Defendant's characterization of the proposed deponent as an adverse party. Elfferich is an officer of a corporate entity distinct and separate from Plaintiff herein." Counsel for the plaintiff raised the same objections at the deposition of Elfferich.

The affidavit of George S. Thomas, Associate General Counsel of Anheuser-Busch Companies, Inc., shows that he attended a meeting in Rotterdam with Elfferich and Jan Muis, the purpose of which was to discuss "certain matters related to the fumigation of the peanuts which are the subject of this lawsuit. I specifically wanted to ask Mr. Muis about his handwritten notes (copies of which were supplied by Mr. Elfferich during his deposition in this case).... When I told Messrs. Elfferich and Muis that I wanted to clear up some points regarding fumigation, Mr. Elfferich said they could not discuss the matter and that they '... must do what U.S. company [Alimenta (U.S.A.), Inc.] says....'"

The affidavit of defendant's counsel shows that after Elfferich's deposition the plaintiffs agreed to arrange the deposition of Mr. Muis by consent, although plaintiff refused to share the expenses of a deposition in Atlanta as it had for Elfferich. On September 7, the parties discussed dates for the deposition. Defendant's counsel shows that he confirmed the date for a September 28, 1982 Rotterdam deposition by mailed notice. Defendant's counsel's affidavit shows further that plaintiff's counsel stated that he would let defendant's counsel know by the end of the week "whether or not his client would reconsider the initial proposal to bring Mr. Muis to Atlanta rather than have us travel to Europe to obtain his testimony." On September 14, 1982 defendant's counsel made final reservations to travel to Rotterdam. The affidavit of plaintiff's

counsel on this matter states, "I never stated to counsel for defendant in this action that I would agree to the taking of the deposition of Mr. Jan Muis by consent.... What I did state was that I would investigate the possibility of setting up the deposition by consent and, as expeditiously as possible, would inform defendant's counsel whether such an arrangement was possible or whether I would move to quash the subpoena. Defendant's counsel unquestionably understood this position as Mr. Meals called me on several occasions to determine if the decision had been made either to move forward by consent or to oppose the taking of the deposition."

On August 26, 1982 a consent order was entered by the parties extending the time for discovery in this action "because several discovery depositions remain to be taken, including the deposition of Jan Muis in Rotterdam, The Netherlands...."

Alimenta USA argued in support of its motion to quash the subpoena and notice of deposition and for protective order (1) that the subpoena was improperly served; (2) that the subpoena called for the production of documents under the authority and control of a non-party foreign business organization beyond the territorial jurisdiction of this court; and (3) that the notice and subpoena were served solely for purpose of harassment. Plaintiff offered no argument in support of the third ground, so it will not be considered here.

In support of its first argument, that the subpoena was improperly served, plaintiff urged without citing supporting authority that service on Parker, who is not counsel for Muis, could not compel the attendance of Muis. Further, plaintiff urged that because Muis is neither a party nor an agent or employee of a party, the taking of his deposition could "not be set or required by the mere forwarding of notice." Finally, plaintiff urged that because service was ineffective as to Muis, it was ineffective as to his employer, Alimenta BV, since no service was made on any agent of Alimenta BV.

In support of its second argument, that the subpoena called for the production of documents under the authority and control of a non-party foreign business corporation, plaintiff urged that under the authority of *Cates v. Aerospace Corp.*, 480 F.2d 620 (5th Cir.1973), and authority in this district, the court cannot require a non-party corporation to produce in Georgia documents in the custody and control of the offices of its principal place of business in another state and to appear through witnesses able to testify. Plaintiff also urged that "there is absolutely no record support" for defendant's argument "that there is really only one Alimenta" and that defendant has not adequately "pierced the corporate veil." Finally, the plaintiff urged that The Honorable G. Ernest Tidwell has held in an unpublished opinion in another case in this district "that Alimenta (U.S.A.), Inc., and Alimenta Agri-products (Rotterdam) B.V. are separate and distinct business entities, and that discovery may not be had from one through efforts directed and service directed to agents of the other."

Defendant urged in opposing Alimenta USA's motion that service was proper and that the deposition and document production in Rotterdam, The Netherlands, could be ordered in that there is a close relationship between Alimenta USA and Alimenta BV, being sister corporations and having been closely tied in the transaction at issue in this suit. Further, defendant urged that Alimenta BV has been involved in preparing facts to support Alimenta USA's case and that although counsel for Alimenta USA has asserted that he did not represent Alimenta BV, he in fact has acted on Alimenta BV's behalf. In short, defendant asserted that Alimenta wanted "the advantages of a single entity without assuming the responsibilities...." [1]

■ The purposes of discovery under the Federal Rules of Civil Procedure are to disclose the real points of dispute between the parties and to afford an adequate factual basis in preparation for trial. 4 Moore's Federal Practice ¶ 26.02[1] at 26–62. Accordingly, it is the established policy of the federal courts to accord "a broad and liberal treatment" to the rules of discovery to fulfill these purposes. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Plaintiff argued that under the authority of *Cates v. Aerospace Corp., supra*, this court cannot order production and the appearance of witnesses able to testify from a non-party corporation. However, in *Cates* production of documents and appearance through witnesses were ordered in *Georgia* from the non-party corporation in another state. Here, the production of documents and appearance of Muis were to be held in Rotterdam, the place of business of Alimenta BV. In addition, the status of the corporation in *Cates* as a non-party was clear. In this case, on the other hand, Alimenta BV and Alimenta USA are sister corporations.

■ The defendant has established that plaintiff is a sister corporation of Alimenta BV. Defendant has shown that both Alimenta BV and Alimenta USA participated in the transaction at issue in this case. For purposes of the issue presented by this motion, defendant has clearly established that the sale of the peanuts whose wholesomeness is at issue in this case was between the Alimenta companies as one unit and defendant Anheuser-Busch as another unit. Defendant has also established that counsel for Alimenta USA has actively participated in those aspects of discovery in which Alimenta BV has participated and has acted with and for the Alimenta subsidiaries. Finally, plaintiff has shown that the discovery sought is relevant to the issues presented and that Muis, an employee of Alimenta BV, has knowledge of facts about the peanuts at issue.

1. Anheuser-Busch and Alimenta USA also disagree over whether Alimenta USA previously agreed to secure Muis' attendance at a deposition. Whether or not Alimenta USA did so agree is not necessary to resolution of this motion. It is relevant that the parties clearly contemplated that Muis' deposition might be taken, as evidenced by the consent order of August 26, 1982, extending discovery for that reason, among others.

The plaintiff has not contravened Anheuser-Busch's factual showing regarding the close relationship between Alimenta USA and Alimenta BV, and has made only the general assertion without supporting authority that defendant has not "sufficiently pierced the corporate veil." In addition, it has not contravened defendant's showing of plaintiff's counsel's active role with both Alimenta companies during the course of this litigation.

The defendant cites two significant cases in support of its argument that this court should disregard the non-party status of Alimenta BV and order production of the requested documents. In *Advance Labor Serv., Inc. v. Hartford Accident & Ind. Co.,* 60 F.R.D. 632 (N.D.Ill., E.D.1973) the court ordered the production of documents held by a technically separate corporation whose directors and shareholders were identical to those of the plaintiff. One of that corporation's primary functions was to provide a service for the plaintiff corporation, and it held records relevant to a central issue in the case. The court based its order for production on these factors, apparently "piercing the corporate veil" and rejecting the plaintiff's contention that the separate corporation was not a party and plaintiff's allegation that it was not controlled or under the direction of the plaintiff.

In *Hubbard v. Rubbermaid, Inc.,* 78 F.R.D. 631 (D.Md.1978), plaintiff sought complete production of documents covered by certain interrogatories which the court had previously ordered produced. Plaintiff argued that defendant had failed to produce all the documents since it did not provide relevant documents from its two wholly owned subsidiaries. The court stated it was not "piercing the corporate veil," and that the non-party status of the subsidiaries did not shield their documents from production. The crucial factor was "that the documents must be in the custody, or under the control of, a party to the case." The court found the documents subject to production since they were under the control of Rubbermaid.

As noted by the court in *Hubbard v. Rubbermaid, supra,* the crucial factor is that the documents must be in the custody, or under the control of, a party to the case. The Alimenta subsidiaries acted "as one" in the transaction at issue in this case. This is evidenced particularly by the financial arrangement for the sale of the peanuts to the defendant. Alimenta BV holds documents which plaintiff has shown are relevant to a central issue in this litigation, the quality and condition of the peanuts sold to the defendant. Having acted "as one," with Alimenta BV in the course of the transaction, Alimenta USA cannot now assert that it does not "control" the documents relevant to that transaction.

A further policy consideration leads the court to the conclusion that Alimenta USA cannot avoid production of these documents by asserting that it does not "control" them. Alimenta USA is a U.S. subsidiary of a foreign entity. It has invoked the jurisdiction and process of this court to recover under a contract with the defendant the proceeds of the sale which was the subject of that contract. The defendant has asserted the defenses of, *inter alia,* failure of consideration and breach of warranty, bringing into issue the condition of the peanuts which were the object of the contract. One of the purposes of the discovery process is to develop the factual bases for the claims of the parties. Having permitted Alimenta USA to invoke this court's jurisdiction in attempting to recover under its contract with defendant, Alimenta U.S.A. cannot by using the corporate boundaries of its wholly owned subsidiaries circumvent the development of the facts necessary for a fair trial of this case.

Plaintiff has argued that Muis was not properly served by service on counsel for Alimenta USA since Parker is not and has never been counsel for Muis. Plaintiff has also argued that because Muis is not a party and is not an agent or employee of a party, the taking of his deposition may not be set or required by the forwarding of notice.

The defendant has shown the active role which counsel for Alimenta USA has taken

with regard to discovery from Alimenta BV employee, Leo Elfferich, and the court has noted above the identity of the Alimenta subsidiaries as to the transaction at issue. There is no question that Alimenta USA could obtain Muis's presence at a deposition. Under Fed.R.Civ.P. 5, service of a notice of deposition may be made upon a party's attorney. While it would have been preferable for personal service to have been made on Muis, there is no contention that Muis and Alimenta BV did not receive actual notice. In fact, through counsel of record for Alimenta USA, objections were filed to the notice and subpoena in the motion to quash.

Accordingly, plaintiff's motion to quash was denied by this court.