488 So.2d 886 (1986)
MEDIVISION OF EAST BROWARD COUNTY, INC., Petitioner,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, South Broward Hospital District, Inc., and North Broward Hospital District, Respondents.
No. BL-450.
District Court of Appeal of Florida, First District.
May 15, 1986.
Robert A. Weiss, of Parker, Hudson, Rainer & Dobbs, Tallahassee, for petitioner.
Harold F.X. Purnell, of Oertel & Hoffman, Tallahassee, for respondent South Broward Hosp. Dist., Inc.

ON PETITION TO REVIEW NON-FINAL AGENCY ACTION
BOOTH, Chief Judge.
Petitioner seeks to invoke the jurisdiction of this court pursuant to Fla. Stat. section 120.68(1) (1985) to review an order of a hearing officer which granted a motion to compel discovery of documents. By a prior unpublished order of this court, we denied the petition for review and allowed the order of the hearing officer to stand. We now set forth our reasons for doing so in this opinion.
Petitioner Medivision of East Broward County, Inc. is an applicant for a Certificate of Need to construct and operate an ophthalmic ambulatory surgical center in Broward County. When the Department of Health and Rehabilitative Services announced its intention to deny the application, Medivision requested a formal administrative *887 hearing pursuant to Fla. Stat. section 120.57(1). South Broward Hospital District, Inc., an intervenor in the administrative proceeding, served a request for production of documents upon petitioner pursuant to Fla.R.Civ.P. 1.350. The request defined petitioner to include "the applicant ..., its parent company, subsidiaries, affiliates, and all of its respective agents, servants, associates, employees, representatives, attorneys, and other persons acting on its behalf... ." Medivision of East Broward County, Inc., objected to the discovery request on grounds that it is not in possession and control of documents owned by Medivision, Inc., or its various subsidiaries. South Broward then sought the motion to compel which was granted by the hearing officer.
Initially, we note that the jurisdiction of this court has properly been invoked. Section 120.68(1) of the Florida Statutes provides that "[a] preliminary, procedural, or intermediate agency action or ruling, including any order of a hearing officer, is immediately reviewable if review of the final agency decision would not provide an adequate remedy." In considering a petition for writ of certiorari to the circuit court, where the petitioner must show an injury for which the remedy by appeal will be inadequate, an order compelling discovery has been held to be one which satisfies the standard. See Ormond Beach First National Bank v. J.M. Montgomery Roofing Co., 189 So.2d 239 (Fla. 1st DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967). We find that reasoning applicable in the administrative context. We therefore turn to the merits of the petition.
The hearing officer relied on the case of American Honda Motor Co. v. Votour, 435 So.2d 368 (Fla.4th DCA 1983) in reaching his ruling. Petitioner argues that American Honda is distinguishable in that it dealt with facts that are the converse of those presented in this controversy. That is, there the parent corporation was the party to the litigation and the records sought were those of a subsidiary; here, the subsidiary party objects to the production of documents of the parent corporation. Assuming that the typical corporate lines of control are "one way", we agree that the American Honda decision is distinguishable and not controlling. Nevertheless, our examination of the record persuades us that the hearing officer reached the correct result.
By appendix to its response to the petition, South Broward has provided us with petitioner's Certificate of Need application filed with the department. That application makes clear that the petitioner relied heavily on the expertise and funding resources of the parent corporation, Medivision, Inc., and includes a statement by Medivision, Inc.'s directors that the parent corporation would provide the required capital and operating funds for the subsidiary's proposed facility. Simply put, the record indicates that Medivision of East Broward County, Inc., is a corporate entity created by Medivision, Inc., solely for the purpose of applying for, constructing, and operating a single surgical center.[1] The parties have not cited us to a case with facts which are similar to those presented here, nor has our own independent research revealed any. We are persuaded of the correctness of our view, however, by the opinion in Alimenta (U.S.A.), Inc. v. Anheuser-Busch Cos., 99 F.R.D. 309 (N.D. Ga. 1983), where the court construed rule 34(a) of the Federal Rules of Civil Procedure, the controlling terms of which are virtually identical to Florida's Rule 1.350(a). At issue in Alimenta was a document discovery request directed to documents of Alimenta B.V. That corporation and Alimenta (U.S.A.) were subsidiaries of the same parent corporation. The court did not look to the formal relationship of the corporations in reaching its conclusion. Rather, it examined the transaction which *888 gave rise to the litigation and found that the two corporations had "acted as one" therein. 99 F.R.D. at 313. Under the circumstances, the court agreed with the party seeking discovery that Alimenta improperly was asking for "the advantages of a single entity without assuming the responsibilities...", id. at 312, and ordered that the documents be produced. We believe that the facts presented by the record before us are analogous and dictate a like result; that is, Medivision, Inc. and Medivision of East Broward County, Inc. acted "as one" in applying for a Certificate of Need and the documents of the parent corporation are therefore subject to discovery. It should be noted that our holding is expressly limited to the facts described herein, and this opinion is not intended to announce a rule of law that permits discovery. of documents of parent corporations in all cases where their subsidiaries are parties to the litigation.
The petition for review of non-final agency action is denied.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] The record is less clear concerning any affiliated subsidiaries and, in fact, the record and the pleadings in this cause suggest that Medivision of East Broward is the first proposed project of Medivision, Inc. Since petitioner has not argued that such affiliates exist, much less that they would be prejudiced by the discovery order, we find no error there.