DOWNEY, Judge.
Appellant, Michelin Tire Corporation, a New York corporation, timely appeals from a final judgment entered against it pursuant to a jury verdict, which found that a tire allegedly manufactured by appellant was defective and a legal cause of the death of Brian E. Roose, the husband of appellee, Susan A. Roose. The jury awarded $1,000,000 in damages, but found that appellant was forty percent negligent and the deceased was sixty percent negligent.
Briefly, the accident in this case occurred after the decedent, a passenger, and two of his friends were driving over 100 miles per hour on the highway while drinking beer and smoking marijuana. They discovered that part of the tread on the tire was missing, but did not use the spare tire and continued to travel at approximately sixty to sixty-five miles per hour, still drinking and smoking. Thereafter, the tread came loose, the car turned over several times, and Roose, who was not wearing a seat belt, was ejected and killed. The tire was five years old, it had been used for over 40,000 miles and it was seventy-five percent worn out.
Suit was filed against a single defendant, appellant, a New York corporation, for negligence and strict liability. It appears that appellant and a West German corporation, Michelin Reifenwerke, A.G., are subsidiaries of a parent French corporation, Com-pagnie Generale des Establishments Michelin. Michelin Reifenwerke manufactures tires that are marketed in the United States through Sears & Roebuck under Sears’ name. In due course, appellant determined that the tire, which was in the possession of appellee, was manufactured by Michelin Reifenwerke in West Germany and sold in the United States through Sears. Appellant filed an answer denying that it manufactured the tire.
After the statute of limitations had run on the claim against any unnamed defendants, appellee sought to amend the complaint to add by interlineation the West German Corporation, Michelin Reifen-werke. At that time, appellee also sought to require appellant to furnish her with information regarding their corporate structures of the various Michelin corporations, certain trade secrets and agreements between the German and French companies and Sears. Appellee responded with the information desired regarding appellant, but was unable to furnish the desired information as to the foreign corporations because they refused to furnish it. The trial court ordered appellant to obtain and provide said information under penalty of sanctions and, when appellant was unable to respond, the court held that “the Michelin corporate entities willfully and flagrantly refused to produce” the desired discovery. Thus, it struck appellant’s defense that it had not manufactured the tire. The court also allowed joinder of Michelin Reif-enwerke by interlineation without service of process and Reifenwerke filed a non-final appeal to review that judicial act. This court, in Michelin v. Reifenwerke A.G. v. Roose, 462 So.2d 54 (Fla. 4th DCA 1984), reversed that order, holding, among other things, that the record did not support such joinder. In the meantime, appellant’s motion for summary judgment was denied and the case proceeded to trial, resulting in a substantial verdict for appellee.
Five points are presented on appeal from the verdict and judgment, only two of which require treatment. Our decision as to those points moots the others.
Appellant contends that the trial court abused its discretion and committed revers *363 ible error in striking appellant’s defense that it did not manufacture the tire and in refusing to reinstate said defense after the completion of the interlocutory appeal and reversal of the order allowing the joinder of Michelin Reifenwerke. We agree with appellant’s contentions.
As pointed out in the factual recitation above, appellee sued appellant alone, charging it with manufacturing a defective tire. Appellant denied that it produced the tire, and the record supports that defense. After the statute of limitations had run, ap-pellee sought to join by interlineation, the true manufacturer, Michelin Reifenwerke, so as to avail herself of the relation back doctrine. In support of her effort to amend, appellee sought discovery of information from the foreign corporations through appellant. The record shows that appellant requested the foreign corporations to furnish the requested documents and other information, but the request was denied. Appellee then sought sanctions against appellant, which the trial court granted in striking the defense that appellant had not manufactured the tire. When the trial court granted joinder by interline-ation, Michelin Reifenwerke perfected a non-final appeal.
In reversing the joinder order, this court observed that, while not involved in the appeal, the trial court had also stricken Michelin Tire Company’s defense that it had not manufactured the tire. In that opinion, it was noted that appellee’s apparent frustration over appellant’s failure to advise her that they had the wrong defendant did not appear justified. Appellant had, early on, denied being the manufacturer of the tire and appellee did not pursue discovery procedures until the statute of limitations had expired. Furthermore, the tire itself, which contained information leading to the identity of the true manufacturer, was in plaintiff’s possession. This court found, on the record presented, which is a part of the record on this appeal, that the trial court was not justified in concluding that appellant, the American corporation, should be penalized for not furnishing information not in its custody or control. This record further supports the conclusion that the relationship between these corporations was not so close as to require one to obtain production of information and documents from the others without their consent. In so concluding, we have not overlooked appellee’s contentions that the companies were not separate and independent. On the contrary, we do not believe the one instance related by the American representative, Bloor, that appellant had assisted Reifenwerke in the defense of a suit in which they were both defendants, nor the efforts by appellant to preclude appellee from joining Reifenwerke as a defendant in this case, demonstrates the close relationship relied upon by her cited authorities to support discovery through the corporate party. These corporations, as the record shows, are truly separate, independent entities with no identity in officers or directors or through operations in which they “acted as one” as was the case in Medivision of East Broward v. Dept. of H.R.S., 488 So.2d 886 (Fla. 1st DCA 1986).
Thus, when the trial court struck appellant’s defense, it stripped away appellant’s ability to portray the true factual situation here. Furthermore, when the true factual situation became apparent after the conclusion of the interlocutory appeal by Michelin Reifenwerke, the trial court should have reinstated the stricken defense. Appellee simply had the wrong defendant and justice would not be served by allowing appel-lee to recover against appellant for the negligence, if any, of the West German corporation.
Accordingly, we reverse the judgment appealed from and remand the cause for entry of judgment for appellant.
LETTS and STONE, JJ., concur.