586 So.2d 1128 (1991)
SCIENTIFIC GAMES, INC., Petitioner,
v.
DITTLER BROTHERS, INC., et al., Respondents.
FLORIDA DEPARTMENT OF the LOTTERY, Petitioner,
v.
DITTLER BROTHERS, INC., Respondent.
Nos. 91-2054, 91-2063.
District Court of Appeal of Florida, First District.
August 7, 1991.
Rehearing Denied September 16, 1991.
*1129 Robert I. Scanlan, Asst. Atty. Gen., Tallahassee, for petitioner Florida Dept. of Lottery.
Clifford A. Schulman of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, Miami, for petitioner Scientific Games, Inc.
Betty J. Steffens of McFarlain, Sternstein, Wiley & Cassedy, Tallahassee, for respondents.
PER CURIAM.
We have for our consideration petitions which seek review of a non-final order of a Hearing Officer of the Division of Administrative Hearings. For the reasons that follow, we grant relief in part and deny it in part.
In April, 1991, the Florida Department of the Lottery issued a request for proposals (RFP), asking for proposals for the printing of instant winner lottery tickets. Responses were received from four vendors including Scientific Games, Inc. and Dittler Brothers, Inc. The responses were evaluated by a committee of five persons which awarded the highest point score to Scientific Games. The proposal of Dittler Brothers was awarded the second highest score.
On Friday, May 17, 1991, at approximately 4:30 PM, a Notice of Intent to Negotiate *1130 a Contract with Scientific Games was posted on a bulletin board at the department's headquarters. Copies of the Notice were also sent to the responding parties by overnight delivery and received at approximately 10:30 AM on Monday, May 20. Dittler Brothers was uncertain as to the time of commencement of the 72 hour period for filing a protest under section 24.109(2)(a), Florida Statutes (Supp. 1990) and made inquiry of the department. A written response was sent wherein the department advised Dittler Brothers that the time for filing a protest would expire on Thursday, May 23, at 10:30 AM. Dittler Brothers' protest was filed approximately one hour before that deadline.
The department referred the protest to the Division of Administrative Hearings where Scientific Games moved to dismiss, arguing that the time for filing a protest commenced with the posting of the notice and therefore the protest was untimely. After hearing evidence as described above, the motion to dismiss was denied without comment.
Scientific Games asks this court to review the Hearing Officer's disposition through a petition for review of non-final agency action or for a writ of prohibition. We find there is some uncertainty as to whether such an order may be reviewed by this court prior to final order. Compare Fiat Motors, Inc. v. Calvin, 356 So.2d 908 (Fla. 1st DCA 1978) (accepting jurisdiction to review a non-final agency order which determined that a complaint was properly and timely filed within the statutory parameters) with Mullin v. State, Department of Administration, Division of Administrative Hearings, 354 So.2d 1216 (Fla. 1st DCA), cert. denied, 359 So.2d 1217 (Fla. 1978) (declining to review before plenary appeal an order denying a motion to dismiss on grounds of expiration of the statute of limitations.) Nevertheless, we find that even if we were to accept jurisdiction, in light of the correspondence from the department to Dittler Brothers and the express terms of section 24.109(2)(a), which provides that a protest must be filed "within 72 hours after receipt of notice of the decision ...," we do not find that Scientific Games has demonstrated that the Hearing Officer erroneously denied the motion to dismiss. Accordingly, insofar as Scientific Games' petition asks this court to quash the Hearing Officer's denial of its motion to dismiss, it is denied.
Both Scientific Games and the Department of the Lottery also petition this court for review of the Hearing Officer's order which granted Dittler Brothers' motion to compel certain discovery to which the petitioners objected. Our jurisdiction to review this order under section 120.68(1), Florida Statutes, is well-settled. Medivision, Inc. v. Department of Health and Rehabilitative Services, 488 So.2d 886 (Fla. 1st DCA 1986).
Dittler Brothers filed requests for production of documents which, in effect, sought discovery from the department and Scientific Games of all of the proposals and the agency's entire file on the matter, including an audio tape of the evaluation committee's consideration of the proposals. Petitioners complied in part but resisted discovery in other respects, relying on a number of theories for non-disclosure. Scientific Games contended that its proposal contains highly confidential information protected by statute and rule. It also relied on a section of the RFP itself which provides that the technical portions of the proposal are confidential and a written response from the agency which clarified that portion of the RFP.
The department also resisted discovery, asserting that certain information sought was confidential, proprietary, or trade secret information which is essential to the security and integrity of the lottery. The Hearing Officer heard argument of counsel and conducted an in camera inspection of the materials. He granted Dittler Brothers' motion to compel, but imposed certain protections relating to access to and copying of the materials and any later revelation of their contents.
After the motion to compel was granted and the likelihood of appellate review raised, the agency attempted to reach a compromise with the parties. It offered to *1131 make certain production which it had previously resisted, but continued to assert the confidentiality of the technical sections of the proposals (unless objection to disclosure was waived in writing by the author), certain portions of the tape recording of the evaluation committee meeting, the forensics report, and the handwritten notes of the forensics examiner. The other previously objected-to discovery would be made under the conditions imposed by the Hearing Officer. Dittler Brothers rejected this proposal and these petitions followed.
We agree with petitioners that respondent did not make the requisite showing for all the discovery it sought. When confronted with a claim of trade secrets or proprietary information in opposition to a discovery request, a trial court (or, as in this case, an administrative hearing officer)[1] must first determine if the materials sought to be protected are, in fact, trade secrets and proprietary information. Upon such a showing, the party seeking discovery must demonstrate a reasonable necessity to obtain the information. Goodyear Tire and Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978).
There appears to be no real dispute in the instant case that the materials in question qualify as trade secrets. The technical portions of Scientific Games' proposal in dispute involve its methods of assuring that tickets are not subject to alteration, theft, or other compromise. In section 24.105(14)(a) the legislature has expressly authorized the department to promulgate rules relating to the confidentiality of such materials and it has done so in F.A.C. Rule 53ER 87-30. The department seeks protection of the opinions of its forensics examiner, who evaluated sample tickets for integrity and reported to the committee on his findings. In light of the above authorities and the legislature's expression of intent in section 24.102(2)(b) that "the lottery games be operated by a department of state government that functions as much as possible in the manner of an entreprenurial business enterprise," we have no difficulty in agreeing that the agency was entitled to and did properly assert a trade secrets privilege as to the examiner's report.
That being so, the issue presented is whether the Hearing Officer correctly determined that the materials sought are, in the phrase of the Goodyear decision, "reasonably necessary" for Dittler Brothers to litigate its claims.
In its amended bid protest petition, Dittler Brothers alleged that the department abused its discretion and did not comply with the RFP in evaluating the proposals, that the evaluators misinterpreted the proposals, the RFP and/or the applicable statutes, and that the evaluators made factual errors in their evaluations of proposals. While these allegations are sweeping, the scope of discovery to be permitted must be viewed in light of the proper standard of review to be employed in the administrative proceeding. The Hearing Officer need not, in effect, second guess the members of evaluation committee to determine whether he and/or other reasonable and well-informed persons might have reached a contrary result. Rather, a "public body has wide discretion" in the bidding process and "its decision, when based on an honest exercise" of the discretion, should not be overturned "even if it may appear erroneous and even if reasonable persons may disagree." Department of Tranportation v. Groves-Watkins Constructors, 530 So.2d 912, 913 (Fla. 1988) (quoting Liberty County v. Baxter's Asphalt & Concrete, Inc., 421 So.2d 505 (Fla. 1982)) (emphasis in original). "[T]he hearing officer's sole responsibility is to ascertain whether the agency acted fraudulently, arbitrarily, illegally, or dishonestly." Groves-Watkins, 530 So.2d at 914.
We find that the parties may litigate and the Hearing Officer may properly resolve the bid protest with the issues as framed by the Groves-Watkins standard without resort to the full disclosure ordered. Accordingly, we grant the petitions *1132 in part and quash the Hearing Officer's order insofar as it requires disclosure of objected-to materials. We find that the discovery proposed by the department in its "Response" of June 27, 1991, to be reasonable and adequate and we remand the cause for entry of an order directing discovery in accordance with that "Response."
IT IS SO ORDERED.
JOANOS, C.J., and WIGGINTON and KAHN, JJ., concur.
NOTES
[1] Florida Rule of Civil Procedure 1.280(c)(7), which is the controlling provision in a discovery dispute of this nature, is applicable in the administrative forum. See F.A.C. Rule 22I-6.019.