697 So.2d 1224 (1997)
SUWANNEE RIVER WATER MANAGEMENT DISTRICT, a special taxing district under Florida Statute, Ch. 373, Appellant,
v.
The Honorable Teila PEARSON, Tax Collector for Bradford County, Florida, Appellee.
No. 96-3953.
District Court of Appeal of Florida, First District.
June 27, 1997.
Rehearing Denied August 15, 1997.
*1225 Thomas W. Brown and Jaime Austrich of Brannon, Brown, Haley, Robinson & Bullock, P.A., Lake City, for Appellant.
Ken van Assenderp of Young, van Assenderp & Varnadoe, P.A., Tallahassee, for Appellee.
PER CURIAM.
Appellant, Suwannee River Water Management District, challenges an Order on Motion for Judgment on the Pleadings by appellee, Teila Pearson, Tax Collector for Bradford County. The order finds that Pearson, as tax collector, is entitled to a commission for services in collecting ad valorem taxes levied by appellant water management district[*] pursuant to section 192.091(2)(a), Florida Statutes (1995) which sets forth the formula for assessing commissions for the collection of county taxes and which results in greater commissions than those allowed under section 192.091(2)(b) for collections on behalf of taxing districts and special assessment districts.
Section 192.091(2) provides:
(2) The tax collectors of the several counties of the state shall be entitled to receive, upon the amount of all real and tangible personal property taxes and special assessments collected and remitted, the following commissions:
(a) On the county tax:
1. Ten percent on the first $100,000;
2. Five percent on the next $100,000;
3. Three percent on the balance up to the amount of taxes collected and remitted on an assessed valuation of $50 million; and
4. Two percent on the balance.
(b) On collections on behalf of each taxing district and special assessment district:
1.a. Three percent on the amount of taxes collected and remitted on an assessed valuation of $50 million; and
b. Two percent on the balance; and
2. Actual costs of collection, not to exceed 2 percent, on the amount of special assessments collected and remitted.
The District argues on appeal that the tax collector's commission should be calculated pursuant to subsection 192.091(2)(b), rather than subsection 192.091(2)(a). We agree and reverse the circuit court's order.
Although appellee is entitled to charge a commission for collecting the District's taxes, such commission is limited to that amount provided by section 192.091(2)(b), Florida Statutes (1995). Prior to 1992, the appellee tax collector in fact charged the District the rate provided in section 192.091(2)(b). In 1991, however, the Legislature increased the commission available to tax collectors for their services in collecting county taxes. Ch. 91-295, § 1, Laws of Florida. After this law change, appellee began to charge the District fees under the county tax rate set forth in section 192.091(2)(a), Florida Statutes (1995).
*1226 Under Florida law, water management districts are special taxation districts. § 189.403(6), Fla. Stat. (1995). The fact that this statutory definition is "for purposes of this (Chapter 189) chapter" certainly cannot mean that for all other purposes a water management district is not a special taxing district. If the Legislature had so intended, it could have inserted the word "only" before the words "for purposes of this chapter." Because the appellant District is a special taxing district, it is required only to remit those commissions established under section 192.091(2)(b) for taxing districts and special assessment districts. The decision of the circuit court allows appellee to collect commissions from the District as if such commissions were "on the county tax."
We note that the circuit court's decision is in accordance with Attorney General Opinion 94-30. The Attorney General's opinion is not persuasive because it relies primarily upon Attorney General Opinion 78-83 which was issued before the enactment of section 189.403(6) and ignores the plain language found in section 189.403 and section 192.091(2). Where the language of a statute is clear and unambiguous and conveys a clear meaning, the statute must be given its plain and ordinary meaning. Streeter v. Sullivan, 509 So.2d 268 (Fla.1987); Holly v. Auld, 450 So.2d 217 (Fla.1984). The current statutes are clear and unambiguous. No further review of the legislative history is necessary. See Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315, 1317 (Fla.1992)("Legislative intent must be determined primarily from the language of the statute. It must be assumed that the legislature knows the meaning of the words and has expressed its intent by the use of the words found in the statute.... The legislative history of a statute is irrelevant where the wording of the statute is clear." (citations omitted))
REVERSED.
BARFIELD, C.J., and KAHN and ERVIN, JJ., concur.
NOTES
[*] Water management districts have the authority to levy district-wide and basin ad valorem taxes on property within their geographic areas, pursuant to sections 373.503 and .0697, Florida Statutes (1993), and Article VII, section 9, of the Florida Constitution. The districts employ local county tax collectors to collect the levied taxes, and those tax collectors, in turn, charge a fee for their services, pursuant to section 192.091(2).