870 So.2d 930 (2004)
SUTRON CORPORATION, Appellant,
v.
LAKE COUNTY WATER AUTHORITY, Appellee.
No. 5D03-2398.
District Court of Appeal of Florida, Fifth District.
April 23, 2004.
*931 Donald E. Hemke of Carlton Fields, P.A., Tampa, for Appellant.
Derek E. Bruce and Jimmy D. Crawford of Gray, Harris & Robinson, P.A., Orlando, for Appellee.
SHARP, W., J.
Sutron Corporation appeals from an adverse final summary judgment in its suit for an injunction against the Lake County Water Authority, a special taxing district, to require that the Authority award it a public contract on which it was the lowest responsive bidder. The Authority decided to re-solicit proposals for the contract rather than award the contract to Sutron. We affirm.
There was no factual dispute raised between the parties concerning the following facts. Sutron was the lowest responsive bidder on a Hydrologic Monitoring Network Repair, Purchase, Installation and Maintenance project. However, the Authority (acting through its Trustees) decided *932 to re-solicit proposals for the contract rather than award it to Sutron. The Authority took this action in light of "concern over the fact[s] that Sutron had ... prepared the RFB[1] to which all of the other companies had to respond, that the Authority had not yet adopted policies and procedures dealing with the award of a contract where a bidder had been an active participant in the preparation of the bid document."
For purposes of the summary judgment, the trial judge accepted as true the allegations of Sutron that in April 2002, the Authority contracted with Berryman & Henigar, an engineering firm with principal offices in Orlando, to undertake studies relating to the project. Berryman was interested in Sutron working as a sub-consultant with it, in connection with those studies which would be used to prepare the RFB for the project.
Before those arrangements had been finalized, at a meeting with Berryman's vice-president, Sutron's vice-president, the executive director for the Authority, the water resources program manager for the Authority, and the project manager for the Authority, Sutron's vice-president asked specifically whether Sutron's participation as a sub-consultant would preclude it from bidding on the project. The Authority's executive director and water resources program manager assured Sutron it would not be precluded from bidding in response to an RFB by its participation. Based on that understanding, Sutron agreed to participate as a sub-consultant to Berryman in connection with preparing input for the RFB.
The trial court determined that the Authority did not act in an arbitrary, unreasonable or capricious manner in rejecting all bids submitted because it followed the public policy of this state, expressed in section 287.057(10), Florida Statutes. The statute provides in part:
A person who ... participates in the drafting of a solicitation or who develops a program for future implementation, is not eligible to contract with the agency for any other contracts dealing with that specific subject matter, and any firm in which such person has any interest is not eligible to receive such contract. The trial court also ruled that the Authority was not precluded from rejecting Sutron's bid based on the alleged representations of the Authority's executive director and water resources program manager because of estoppel. It concluded that estoppel was not applicable to this case because the Authority's contract with Sutron, under these circumstances, would have been contrary to public policy.
It is well established in Florida that a public entity's rejection of contract bids will be affirmed when challenged in court, unless the action of the public body was arbitrary, unreasonable or capricious.[2] Even if the public entity makes an erroneous decision about which reasonable people may disagree, the discretion of the public entity to solicit, accept and or reject contract bids should not be interfered with by the courts, absent a showing of dishonesty, illegality, fraud, oppression or misconduct. See Scientific Games v. Dittler Brothers, Inc. 586 So.2d 1128 (Fla. 1st DCA 1991); City of Cape Coral v. Water Services of America, Inc., 567 So.2d 510 (Fla. 2d DCA 1990); Capeletti Brothers v. State Dept. of *933 General Services, 432 So.2d 1359 (Fla. 1st DCA 1983). This is a very high bar for Sutron, in this case.
Although section 287.057(18), is not binding on the Authority because it applies only to state-wide agencies in the executive branch of the state government, not to county-wide special taxing districts such as the Authority,[3] it is declarative of the public policy of this state that public bidding be fair and open, and that all bidders should have an equal opportunity to present bids. There should be no opportunity for favoritism or insider information that gives one bidder an advantage over the other. This boosts public confidence in the public contract bidding process and is in the public interest.[4]
Although maybe too vague to have alerted Sutron as to its inability to bid on this project, the RFB did contain reservations on the part of the Authority to act in the "best interest" of its citizens:
AWARD: This bid may be awarded in part or whole as best serves the interest of the Authority and the citizens of Lake County.
RESERVATIONS: The Authority reserves the right to accept any bids which in its opinion best serves the interests of Lake County, to reject any or all bids, or any part thereof, and/or to waive technical errors.
This language should have alerted Sutron that the Authority reserved the right to reject all bids if it determined that this course was in the best interest of the public. As noted above, it did so in rejecting all of the bids. We cannot say the trial court erred in concluding the Authority's rejection of the bids in toto was not unreasonable, arbitrary or capricious. In our view, this was a situation in which the Authority could have awarded the contract to Sutron, or rejected all bids and started over, without falling into the unreasonable, arbitrary and capricious category.
Sutron's estoppel argument is more compelling, although the circumstances in this case are not sufficiently egregious to merit its application. In order to establish estoppel against a government entity, a party must establish all of the elements of that doctrine,[5] and in addition, rare, and exceptional circumstances.[6] The cases in *934 which this doctrine has been applied against a government agency involve potentially severe economic consequences to the person who relied on a government agent's misstatement of fact,[7] or situations in which the conduct of the government was unbearably egregious"a classic example of bureaucratic ineptitude and indifference" coupled with a supremely adverse affect on an innocent citizen.[8] The doctrine appears to be somewhat more leniently applied in permit and zoning matters.[9]
In this case, "rare and exceptional" circumstances were not established or pled. The "misstatement" relied upon by Sutron was not shown to be callous, negligent or intentional. The agents' prediction of the Authority's future action simply proved to be wrong.
Further, Sutron does not allege it suffered severe financial losses as a consequence of the misstatement. Sutron does not claim it was not paid in full for its work for Berryman. Its preparation costs for its bid to the Authority on this project, at best, constituted its economic loss caused by its alleged reliance on the Authority employees' misstatements. See Harry Pepper & Associates, Inc. v. City of Cape Coral, 429 So.2d 97 (Fla. 2d DCA 1983). Disappointed bidders on public works contracts cannot recover lost profits resulting from an award to another less responsive bidder[10] nor can they in cases where all bids are rejected.
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.
NOTES
[1] "RFB" stands for request for bid.
[2] Scientific Games v. Dittler Brothers, Inc. 586 So.2d 1128 (Fla. 1st DCA 1991); City of Cape Coral v. Water Services of America, Inc., 567 So.2d 510 (Fla. 2d DCA 1990); Capeletti Brothers v. State Dept. of General Services, 432 So.2d 1359 (Fla. 1st DCA 1983).
[3] See Suwannee River Water Management Dist. v. Pearson, 697 So.2d 1224, 1225 (Fla. 1st DCA 1997)(water management districts are special taxing districts pursuant to § 189.403(6)). But see, Lee v. South Broward Hospital District, 473 So.2d 1322 (Fla. 4th DCA 1985)(hospital taxing district primarily acting as a state agency, it was a state agency for sovereign immunity purposes). Further,

Section 287.012(1) provides:
"Agency" means any of the various state officers, departments, boards, commissions, divisions, bureaus, and councils and any other unit of organization, however designated, of the executive branch of state government. "Agency" does not include the university and college boards of trustees or the state universities and colleges. That it is not a state agency seems well established where the legislature noted, in section 11.45(1)(e) that a local government entity includes a special district pursuant to section 189.403.
[4] See Fruchtl v. Foley, 84 So.2d 906 (Fla. 1956); Lainhart v. Burr, 49 Fla. 315, 38 So. 711 (1905); Richmond Co., Inc. v. Rock-A-Way, Inc., 404 So.2d 121 (Fla. 4th DCA 1981).
[5] A representation as to a material fact that is contrary to a later-asserted position; reliance on that representation; and a change in position detrimental to the party claiming estoppel, caused by the representation and reliance thereon. Tri-State Systems, Inc. v. Department of Transportation, 500 So.2d 212, 215-216 (Fla. 1st DCA 1986) and cases cited therein.
[6] 22 Fla. Jur.2d § 93; Alachua County v. Cheshire, 603 So.2d 1334 (Fla. 1st DCA 1992).
[7] See Alachua County v. Cheshire, 603 So. 2d 1334 (Fla. 1st DCA 1992); Harris v. State, Dept. of Admin., Div. of State Employees' Ins., 577 So.2d 1363 (Fla. 1st DCA 1991); Reedy Creek Improvement Dist. v. State, Dept. of Environmental Regulation, 486 So.2d 642 (Fla. 1st DCA 1986).
[8] See Fraga v. Dept. of Health and Rehabilitative Services, 464 So.2d 144 (Fla. 3d DCA 1984).
[9] Fla. Jur.2d Estoppel and Waiver § 104. See Tri-State Systems v. Dept. of Transportation, 500 So.2d 212 (Fla. 1st DCA 1986).
[10] See City of Cape Coral v. Water Services of America, Inc., 567 So.2d 510 (Fla. 2d DCA 1990).