POLEN, J.
Appellant, Paul Jacquin & Sons, Inc. (Jacquin), an unsuccessful bidder for a City of Port St. Lucie (City) construction project, timely appeals the non-final order of the trial court, denying Jacquin’s motion for a temporary injunction. We find that the issue is moot, as the City, by vote, has rejected all bids, pursuant to its reservation of this right in its Invitation to Bid and by section 255.20(l)(d)l., Florida Statutes (2009). However, we write to emphasize that if a city desires to perform a project, using its own services, employees, and equipment, it must comply with the requirements of section 255.20(l)(c)9., Florida Statutes, and conduct a public meeting pursuant to section 286.011, Florida Statutes.
On August 13, 2010, the City put out an Invitation to Bid for the construction of the Ravenswood Community Center Project (Project). In the Invitation, the City informed all bidders that it intended to have its Construction Division submit a bid for the project. The Invitation also contained the following statement: “The City of Port St. Lucie reserves the right to reject any and all bids, to waive any and all informalities or irregularities, and to accept with his bid, a bid bond, a bid guaranty, in the amount of five percent (5%) of the bid total, made payable to the City of Port St. Lucie.” On September 30, 2010, the City received five sealed bids for the Project: The City’s Construction Division was the low bidder for the Project; Jacquin was the second lowest bidder. On January 18, 2011, the City Council voted (3-2) to award the contract to the City’s Construction Division, with Bayview Construction, Certified Construction and Eddie Huggins as the three “subcontractors” performing the work for the City’s Construction Division. The scope of work for Bayview, Huggins and Certified all exceeded $300,000; Bayview, Huggins and Certified did not provide the City with a bid bond. The Construction Division also did not provide a bid bond.
On January 19, 2011, Jacquin filed a complaint and motion for temporary injunction, seeking injunctive and declaratory relief against the City’s award of the contract to its own Construction Division. On January 26, 2011, after both an ex parte hearing and an evidentiary hearing, the lower court entered an order denying Jacquin’s motion, finding that Jacquin did not prove the elements of irreparable harm, no adequate remedy at law, or that the injunction would serve the public interest.[1] Jacquin then timely appealed. On March 14, 2011, the City Council voted (3- *308 2) to reject all bids and to rebid the project without the City’s Construction Division bidding on the Project.
On appeal, the City argues that this issue is moot because it has decided to reject all bids and re-bid the Project, pursuant to its reservation of this right in its Invitation to Bid and by section 255.20(1)(d)1., Florida Statutes.[2] We agree. As the purpose of Jacquin’s motion for temporary injunction was to prevent the City from awarding the contract to its Construction Division, and because the contract will not be awarded to the Construction Division on re-bid, the issue is moot.
“An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. Godwin v. State, 598 So.2d 211, 212 (Fla.1992) (citing DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943)). “A case is ‘moot’ when it presents no actual controversy or when the issues have ceased to exist.” Id. (citing Blade's Law Dictionary 1008 (6th ed. 1990)). “A moot case generally will be dismissed.” Id. However, mootness does not destroy an appellate court’s jurisdiction when the questions raised are of great public importance, are likely to recur, or if collateral legal consequences that affect the rights of a party flow from the issue to be determined. Id. (citing Holly v. Auld, 450 So.2d 217, 218 n.1 (Fla.1984); Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978)).
“Even if the public entity makes an erroneous decision about which reasonable people may disagree, the discretion of the public entity to solicit, accept and or reject contract bids should not be interfered with by the courts, absent a showing of dishonesty, illegality, fraud, oppression or misconduct.” Sutron Corp. v. Lake County Water Auth., 870 So.2d 930, 932 (Fla. 5th DCA 2004). In Solares v. City of Miami, 23 So.3d 227, 228 (Fla. 3d DCA 2009), the purpose of appellants’ emergency motion for temporary injunction was to prevent the county’s sale of bonds until the lawsuit could be decided. On appeal, the Third District found that because the bonds had been sold, the appeal of the order denying the emergency motion for temporary injunction was moot. Id.
The City has already rejected all bids, pursuant to its reservation of this right in its Invitation to Bid, granted to it by section 255.20(l)(d)l. The City also maintains that its Construction Division will not rebid on the Project. Thus, we hold that the issue is moot. However, although not raised by Jacquin in its brief, and although the record is unclear as to whether the City complied with section 255.20(l)(c)9.’s public meeting requirement, we write to emphasize that requirement. Section 255.20(l)(e)9., Florida Statutes (2009), provides, in pertinent part:
(1) A county, municipality, special district as defined in chapter 189, or other political subdivision of the state seeking to construct or improve a public building, structure, or other public construction works must competitively award to an appropriately licensed contractor each project that is estimated in accordance with generally accepted cost-accounting principles to cost more than $300,000.... As used in this section, the *309 term “competitively award” means to award contracts based on the submission of sealed bids, proposals submitted in response to a request for proposal, proposals submitted in response to a request for qualifications, or proposals submitted for competitive negotiation ....
(c) The provisions of this subsection do not apply:
9. If the governing board of the local government complies with all of the requirements of this subparagraph, conducts a public meeting under s. 286.011 after public notice, and finds by majority vote of the governing board that it is in the public’s best interest to perform the project using its own services, employees, and equipment. The public notice must be published at least 21 days before the date of the public meeting at which the governing board takes final action. The notice must identify the project, the components and scope of the work, and the estimated cost of the project using generally accepted cost-accounting principles that fully account for all costs associated with performing and completing the work, including employee compensation and benefits, equipment cost and maintenance, insurance costs, and materials. The notice must specify that the purpose for the public meeting is to consider whether it is in the public’s best interest to perform the project using the local government’s own services, employees, and equipment. Upon publication of the public notice and for 21 days thereafter, the local government shall make available for public inspection, during normal business hours and at a location specified in the public notice, a detailed itemization of each component of the estimated cost of the project and documentation explaining the methodology used to arrive at the estimated cost. At the public meeting, any qualified contractor or vendor who could have been awarded the project had the project been competitively bid shall be provided with a reasonable opportunity to present evidence to the governing board regarding the project and the accuracy of the local government’s estimated cost of the project.
(Emphasis added). Here, the record is unclear as to whether the City complied with section 255.20(l)(c)(9)’s public meeting requirement; in future invitations to bid, we emphasize that the City must conduct a public meeting pursuant to section 286.011, Florida Statutes (2009),[3] after public notice, if it intends to perform a project using its own services, employees, and equipment. Thus, although we hold that the issue is moot, and Jacquin is not entitled to any relief at this stage of the proceedings, the City could not have awarded the Project to its own Construction Division if it did not fully comply with section 255.20(l)(c)9.

Affirmed.

WARNER and LEVINE, JJ., concur.

. The lower court did not address the third prong: likelihood of success on the merits.

. Section 255.20(l)(d)l., Florida Statutes, provides: "The county, municipality, or special district may reserve the right to reject all bids and to rebid the project, or elect not to proceed with the project.” The City argues that it could not award the bid to the next lowest bidder (Jacquin) because its bid, like all the others, was over the budget for the Project. The City has directed its Construction Division to not re-bid the Project and maintains that it will not allow its Construction Division to bid for the Project on re-bid.

. Section 286.011(1), Florida Statutes (2009), provides: “All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings."